Helen Cotton petitions this Court for a writ of mandamus directing Judge Horace H. Nation III to recuse himself from a case now before him in which she is the plaintiff. She contends that recusal is required under Canon of Judicial Ethics 3(C)(1) because, she says, there is an appearance of impropriety because Judge Nation was a defendant in a separate civil action and in that earlier action was represented by the same attorney that is representing the defendant in Ms. Cotton's case. Therefore, she contends that, pursuant to Advisory Opinion 88-337 issued by the Judicial Inquiry Commission on August 2, 1988, Judge Nation should have granted her motion to recuse.
In June 1991, Ms. Cotton, through her attorney, Edward Jackson, filed an action against Terry Brown and others arising out of a slip and fall accident that occurred at a Quincy's restaurant. In July 1991, attorney Paul G. Smith, of the law firm of Smith, Spires, and Peddy, filed an appearance and answered the complaint for Brown and the other defendants. The case has proceeded through discovery and is now approaching a trial setting. In August 1993, attorney Robert F. Richardson, an associate with Jackson's law firm, Tweedy, Jackson, and Beech, filed a notice of appearance as additional counsel for Ms. Cotton. Mr. Jackson then requested that Judge Nation recuse himself, contending that there is an appearance of impropriety resulting from the fact that the attorneys of record in the present case (Paul Smith for the defendants and Edward Jackson for the plaintiff, Ms. Cotton) were also involved in a proceeding involving Judge Nation. Specifically, Edward Jackson represented plaintiffs in an earlier action against Judge Nation, who had been represented in that earlier action by Paul Smith. That earlier action was settled and is no longer pending.
At the outset, we point out the distinction between recusal and disqualification. Although the fundamental difference is a procedural one, a brief clarification seems appropriate here. When the facts of a case present possible bias on the part of a trial judge, or the appearance of bias, the party who sees that possible bias or appearance of bias has the duty of moving for a recusal. It *Page 872 
becomes the judge's responsibility to initiate the action of removing himself from the case under Canon 3(C)(1) only when he is disqualified. Generally, the grounds for recusal are as well known to the parties as they are to the judge, but facts leading to disqualification are often known only to the judge.
When disqualification is required, the duty is squarely placed upon the judge to disqualify himself. Consequently, the judge's failure to disqualify himself in a particular case, when required to do so by the Canons, may subject the judge to an inquiry if a complaint is filed with the Judicial Inquiry Commission, whereas, the judge's ruling on a recusal motion is reviewable on a mandamus petition filed in the appropriate appellate court.
However, although recusal and disqualification are two separate concepts, there has developed an overlap. The preamble to the Canons states that the Canons "formulate and establish . . . principles which govern the conduct of members of the judiciary." These Canons establish a system to govern the judiciary that is administered by a peer-review system: the Judicial Inquiry Commission. However, the Canons are also being used to define legal standards of judicial conduct. SeeWallace v. Wallace, 352 So.2d 1376 (Ala.Civ.App. 1977) (where the court held that the Canons had the force of law and used the objective standard of Canon 3(C)(1) to hold that a trial judge erred in failing to grant the motion to recuse). See alsoEx parte Melof, 553 So.2d 554, 556 (Ala. 1989).
A mandamus petition is the proper method to review the trial court's denial of a motion to recuse. Ex parte Melof. However, the writ of mandamus is a drastic and extraordinary remedy and should be issued only upon a clear showing that the trial court has abused its discretion by exercising it in an arbitrary or capricious manner. Ex parte Melof.
Canon 3(C)(1), Canons of Judicial Ethics, concerning guidelines with respect to the disqualification of a judge, provides:
 "A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned. . . ."
In Ex parte Melof, interpreting Canon 3(C)(1), we held:
 " 'Recusal is required . . . when the facts are such that it is reasonable for a party, for members of the public, or for counsel to question the impartiality of a trial judge.' However, a mere accusation of bias that is unsupported by substantial fact does not require the disqualification of a judge. The test is whether a ' "person of ordinary prudence in the judge's position knowing all of the facts known to the judge find[s] that there is a reasonable basis for questioning the judge's impartiality." ' "
Melof, at 557, quoting Bryars v. Bryars, 485 So.2d 1187, 1189
(Ala.Civ.App. 1986), and In re Sheffield, 465 So.2d 350, 356
(Ala. 1984) (emphasis omitted).
The burden of proof is on the party seeking recusal. Prejudice on the part of a judge is not presumed. " '[T]he law will not suppose a possibility of bias or favor in a judge who is already sworn to administer impartial justice and whose authority greatly depends upon that presumption and idea.' "Ex parte Balogun, 516 So.2d 606, 609 (Ala. 1987), quotingFulton v. Longshore, 156 Ala. 611, 46 So. 989 (1908).
The advisory opinion that Ms. Cotton contends requires Judge Nation to recuse himself concerned the question whether a judge should disqualify himself where he was a defendant in an action pending in a federal court. The opinion stated, "It is the opinion of the Commission that pending the resolution of the federal litigation the judge is disqualified from sitting in any proceeding in which either of the judge's attorneys or the plaintiffs' attorneys represents a party." The Judicial Inquiry Commission continued by stating, "We believe that in this instance a 'reasonable man' might question the judge's impartiality."
Here, although Judge Nation was represented in the earlier case by one of the attorneys involved in the present case, that earlier case has been settled. It is not a pending case, as was the case that gave rise *Page 873 
to the advisory opinion issued by the Judicial Inquiry Commission.
Ms. Cotton has shown no reasonable basis for questioning Judge Nation's impartiality. Therefore, we must conclude that she has failed to carry her burden of showing a duty to recuse. The writ is denied.
WRIT DENIED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur.