Thomas E. Bryant petitions this Court for a writ of mandamus directing that his pending criminal trial be conducted by a circuit court judge from outside Alabama's 13th Judicial Circuit (Mobile County), because of an alleged potential for bias against him on the part of judges from Mobile County due to the peculiar nature of the case against him. In the alternative, Bryant asks for a writ of mandamus directing Mobile County Circuit Court Judge Chris Galanos to recuse himself from presiding over the criminal case against him.
Bryant petitioned this Court for extraordinary relief pursuant to Rule 21(e)(1), Ala.R.App.P., after the Court of Criminal Appeals, with one judge dissenting, denied his original petition for the writ of mandamus. The facts underlying this petition were set out by the Court of Criminal Appeals in its opinion:
 "The petitioner was charged with six counts of theft of property in the first degree. The petitioner, who served as general guardian and conservator for Mobile County, was charged with six counts of theft of property for [allegedly] stealing over $3,000,000 from estates for which he served as conservator. The petitioner's case was eventually assigned to Judge Galanos after another circuit judge recused himself. The petitioner then filed a motion seeking to have Judge Galanos[, as well as all the other judges of the 13th Judicial Circuit,] recuse. The petitioner also filed a motion for a change of venue, which was granted, and the case was moved to the Circuit Court for Montgomery County. Judge Galanos was to preside over the trial in Montgomery. . . . Judge Galanos denied the motion [for recusal]. The petitioner then filed a petition for a writ of mandamus. . . ."
Ex parte Bryant, 675 So.2d 552, 553 (Ala.Crim.App. 1996).
In Ex parte Cotton, 638 So.2d 870, 872 (Ala. 1994), this Court stated:
 "A mandamus petition is the proper method to review the trial court's denial of a motion to recuse. Ex parte Melof[, *Page 41 553 So.2d 554 (Ala. 1989)]. However, the writ of mandamus is a drastic and extraordinary remedy and should be issued only upon a clear showing that the trial court has abused its discretion by exercising it in an arbitrary or capricious manner. Ex parte Melof.
 "Canon 3(C)(1), Canons of Judicial Ethics, concerning guidelines with respect to the disqualification of a judge, provides:
 " 'A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned. . . .'
 "In Ex parte Melof, interpreting Canon 3(C)(1), we held:
 " ' "Recusal is required . . . when the facts are such that it is reasonable for a party, for members of the public, or for counsel to question the impartiality of a trial judge." However, a mere accusation of bias that is unsupported by substantial fact does not require the disqualification of a judge. The test is whether a " 'person of ordinary prudence in the judge's position knowing all of the facts known to the judge [would find] that there is a reasonable basis for questioning the judge's impartiality.' " '
 "Melof, at 557, quoting Bryars v. Bryars, 485 So.2d 1187, 1189 (Ala.Civ.App. 1986), and In re Sheffield, 465 So.2d 350, 356 (Ala. 1984). . . ."
The standard for recusal is an objective one: whether a reasonable person knowing everything that the judge knows would have a "reasonable basis for questioning the judge's impartiality." Cotton, 638 So.2d at 872. The focus of our inquiry, therefore, is not whether a particular judge is or is not biased toward the petitioner; the focus is instead on whether a reasonable person would perceive potential bias or a lack of impartiality on the part of the judge in question. InIn re Sheffield, 465 So.2d 350, 357 (Ala. 1984), this Court wrote:
 "[T]he reasonable person/appearance of impropriety test, as now articulated in Canon 3(C)(1), in the words of the Supreme Court of the United States, may 'sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties.' In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955). As stated in Canon 1 of the Code of Judicial Ethics, 'An independent and honorable judiciary is indispensable to justice in our society,' and this requires avoiding all appearance of impropriety, even to the point of resolving all reasonable doubt in favor of recusal."
(Some emphasis original; some emphasis added.) Justice Jones, in a special concurrence in Morgan County Commission v. Powell,292 Ala. 300, 312, 293 So.2d 830, 840 (1974), eloquently stated the reasoning behind this objective "reasonable person/appearance of impropriety" standard:
 "Paramount to any system of justice is the total impartiality of the court which sits in judgment of any controversy. The appearance of fairness is virtually as important as is fairness itself. One of the essential ingredients of an effective judiciary is the high level of respect accorded it by the citizenry. Except for the impartiality of those who occupy the role of judge, both in act and [in] appearance, the level of respect necessary to a strong and effective judiciary will fail. It is the essence of the system that any position of interest or bias is sufficient cause for disqualification of a judge, and the right to raise and insist upon the causes of disqualification must be zealously guarded."
Applying these principles to Bryant's first contention, we must determine if the extraordinary facts underlying the case against Bryant and the peculiar nature of the case against him "are such that it is reasonable for a party, for members of the public, or for counsel to question the impartiality of" a circuit court judge from Mobile County. Cotton, 638 So.2d at 872. The issue is not whether any of those judges are actually biased against Bryant. The undisputed facts show the following: (1) Bryant is accused of theft from conservatorships and estates over which he was appointed by Mobile County judges to act as guardian or conservator; (2) The theft that he is accused of is both systematic and enormous ($3,000,000-plus); (3) The allegations against Bryant have been the *Page 42 
focus of intense media coverage; (4) Bryant's change of venue motion was granted because of the high-profile nature of the case against him and the perceived local bias against him; (5) The first Mobile County circuit court judge to whom Bryant's case was assigned chose voluntarily to remove himself from Bryant's case after Bryant made his first motion for recusal; and (6) Bryant was a very active member of the Mobile County bar, having recently served as president of the county bar association, and he had been active in, or at least a contributor to, a large number of Mobile County judicial election campaigns.
After having considered the very peculiar nature of the case against Bryant and the facts surrounding that case, we hold that Bryant is entitled to a writ of mandamus ordering that he be tried before a circuit court judge from outside the 13th Judicial Circuit. Such an order as this is reserved for only the most extraordinary of circumstances. Especially relevant to our decision in this case is the nature of the crime Bryant is charged with committing. The State's case is based solely upon Bryant's alleged theft of millions of dollars from various conservatorships, guardianships, and estates over which Bryant had been appointed by Mobile County probate and circuit court judges to serve in a fiduciary capacity. The essence of the charges against Bryant is a systematic, intentional, and egregious violation of the trust that had been placed in Bryant by Mobile County's judiciary. Considering the extreme facts of this controversial case, reasonable persons would have reason to question the impartiality of the judges of the 13th Judicial Circuit, whose trust the defendant is charged with grievously breaching.
Because we hold that Bryant is entitled to a writ of mandamus ordering that his trial be conducted by a circuit court judge from outside the 13th Judicial Circuit, we need not address Bryant's contention that Judge Galanos, who serves on the 13th Judicial Circuit, should be ordered to recuse.
WRIT GRANTED.
HOOPER, C.J., and MADDOX, SHORES, KENNEDY, and INGRAM, JJ., concur.
ALMON and COOK, JJ., concur in the result.
BUTTS, J., dissents.