The petitioner, Walter J. Price, Jr., filed this petition for a writ of mandamus after Joseph L. Battle, circuit judge for the Twenty-third Judicial Circuit, denied his motion seeking recusal from his case of all circuit judges in Madison County, his motion to change venue, and his motion for a continuance. In his petition, Price asks us to direct Judge Battle to recuse all circuit judges in Madison County, to transfer venue, and to continue his case. Price, a former attorney in Huntsville who had been appointed as general administrator for the Madison County Probate Court, was indicted on four counts of taking money from estates over which he had been appointed administrator.
Price was indicted on May 9, 1997, and was arrested on June 5, 1997. The case was originally set for trial on August 4, 1997. Price filed a discovery motion and a motion for a continuance on July 18, 1997. On August 4, 1997, Price's case was called for trial. When it was called, the trial court denied the above motions. This petition followed. Price also filed in this Court a motion to stay the proceedings in the circuit court until this Court ruled on his mandamus petition. This Court granted the motion to stay, pending disposition of the mandamus petition.
Before mandamus may issue, four prerequisites must be satisfied. There must be 1) a clear legal right in the petitioner to the relief sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) no adequate remedy at law; and 4) the properly invoked jurisdiction of the reviewing court. State v. Williams,679 So.2d 275 (Ala.Cr.App. 1996).
Although mandamus is the appropriate method to challenge a pre-trial ruling on a motion to recuse, Ex parte Sanders,659 So.2d 1036 (Ala.Cr.App. 1995), it is not available to review a ruling on a motion for a change of venue based on pretrial publicity or a ruling on a motion for a continuance. These issues may be adequately reviewed by direct appeal. Ex parteSpears, 621 So.2d 1255 (Ala. 1993). As to those matters, therefore, the petition is denied. *Page 858 
As to Price's contention that the trial court erred in denying his motion for recusal, Canon 3 C(1), Alabama Canons of Judicial Ethics, states, in pertinent part:
 "(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
 "(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
 "(b) He served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer in the matter, or the judge or such lawyer has been a material witness concerning it."
The Alabama Supreme Court in Ex parte Duncan, 638 So.2d 1332
(Ala.), cert. denied, 513 U.S. 1007, 115 S.Ct. 528,130 L.Ed.2d 432 (1994), established the standard to be used to evaluate a motion to recuse. Recusal is necessary if "another person, knowing all of the circumstances, might reasonably question the judge's impartiality." 638 So.2d at 1334.
The Alabama Supreme Court recently in Ex parte Bryant,682 So.2d 39 (Ala. 1996), addressed an identical issue. In that case, Bryant, an attorney and general guardian and conservator for Mobile County, who was also charged with theft, filed a motion seeking the recusal of all the circuit judges in Mobile County. The trial court denied the motion for recusal. After this Court denied his original petition for the writ of mandamus, Bryant filed a petition with the Alabama Supreme Court. The Alabama Supreme Court, in granting the petition for the writ of mandamus, stated:
 "The standard for recusal is an objective one: whether a reasonable person knowing everything that the judge knows would have a 'reasonable basis for questioning the judge's impartiality.' [Ex parte] Cotton, 638 So.2d [870] at 872 [(Ala. 1994)]. The focus of our inquiry, therefore, is not whether a particular judge is or is not biased toward the petitioner; the focus is instead on whether a reasonable person would perceive potential bias or a lack of impartiality on the part of the judge in question. . . .
". . . .
 "Applying these principles to Bryant's first contention, we must determine if the extraordinary facts underlying the case against Bryant and the peculiar nature of the case against him 'are such that it is reasonable for a party, for members of the public, or for counsel to question the impartiality of a circuit court judge from Mobile County. Cotton, 638 So.2d at 872. The issue is not whether any of those judges are actually biased against Bryant. The undisputed facts show the following: (1) Bryant is accused of theft from conservatorships and estates over which he was appointed by Mobile County judges to act as guardian or conservator, (2) The theft that he is accused of is both systematic and enormous ($3,000,000-plus); (3) The allegations against Bryant have been the focus of intense media coverage; (4) Bryant's change of venue motion was granted because of the high-profile nature of the case against him and the perceived local bias against him; (5) The first Mobile County circuit court judge to whom Bryant's case was assigned chose voluntarily to remove himself from Bryant's case after Bryant made his first motion for recusal; and (6) Bryant was a very active member of the Mobile County bar, having recently served as president of the county bar association, and he had been active in, or at least a contributor to, a large number of Mobile County judicial election campaigns.
 "After having considered the very peculiar nature of the case against Bryant and the facts surrounding that ease, we hold that Bryant is entitled to a writ of mandamus ordering that he be tried before a circuit court judge from outside the 13th Judicial Circuit. Such an order as this is reserved for only the most extraordinary of circumstances. Especially relevant to our decision in this case is the nature of the crime Bryant is charged with committing. The State's case is based solely upon *Page 859 Bryant's alleged theft of millions of dollars from various conservatorships, guardianships, and estates over which Bryant had been appointed by Mobile County probate and circuit court judges to serve in a fiduciary capacity. The essence of the charges against Bryant is a systematic, intentional, and egregious violation of the trust that had been placed in Bryant by Mobile County's judiciary. Considering the extreme facts of this controversial case, reasonable persons would have reason to question the impartiality of the judges of the 13th Judicial Circuit whose trust the defendant is charged with grievously breaching."
682 So.2d at 41-42. (Emphasis added.)
The respondent contends that Bryant is distinguishable from this case because the defendant in Bryant had been appointed by some of the judges he asked to recuse, the amount in controversy was higher than the amount at issue here, and the motion for a change of venue based on pretrial publicity had been granted.
Here, Price was also charged with stealing money from estates over which he had been appointed conservator. The monetary amount, though not as high as that involved in Bryant, equals thousands of dollars. Price was an active member of the Madison County Bar Association for many years and served as an officer in the Bar Association. Three judges in Madison County have already recused themselves from hearing the case. Also, Price moved for a change of venue on the basis of pretrial publicity but his motion was denied.
Though the above facts are close to the facts inBryant, the primary basis for the Supreme Court's decision inBryant was the nature of the crime charged. (See the emphasized portion above.) The crime charged in this case is the identical crime charged in Bryant. Price here was charged with using his position as a conservator and guardian for the Madison County courts to steal money, thereby violating the trust placed in him by the Madison County judiciary. It makes no difference that Price was appointed as general conservator by the probate judge for Madison County. In fact, the Supreme Court, when reciting the facts in Bryant, did not distinguish between the circuit judges of the county and the probate judges of the same county. 682 So.2d at 41.
Comparing the facts of this case to those in Bryant, we find it clear, based on the Supreme Court's holding, that recusal of the all the circuit judges in Madison County is warranted. Here, reasonable persons could question the impartiality of the judges of the circuit "whose trust the defendant is charged with grievously breaching." 682 So.2d at 42.
This petition is therefore due to be granted as to Price's motion for recusal of all the circuit judges for Madison County. Price's contention that the trial judge should have ordered a change of venue due to pretrial publicity is not correctly before this court in this petition. Likewise, Price's contention that the trial court should have continued his case is not properly before this court in this petition. The petitioner's remedy is to raise these contentions on direct appeal if he is convicted. Spears, supra. Further, even if mandamus was appropriate on Price's claim as to the motion to continue, his claim is rendered moot because the proceedings were in fact stayed pending disposition of this petition.
PETITION GRANTED IN PART AND DENIED IN PART.
All the judges concur.