LaQuanda M. Wannamaker ("the wife") appeals a default divorce judgment. We reverse and remand with instructions.
The wife and Raymond L. Wannamaker ("the husband") married in Maryland in 1994. Two children were born of the marriage. The wife and the husband separated in November 1997, while they were residing in Germany. Subsequently, the wife moved to New York and the husband moved to Montgomery County, Alabama.
On December 21, 2005, more than six months after he had begun residing in Alabama, the husband sued the wife in the Montgomery Circuit Court, seeking a divorce and an equitable division of the parties' marital assets. However, he did not seek custody of the parties' two children; instead, he requested that the trial court award the wife custody of the children and award her child support.
After the process sent by certified mail to the wife's address in New York was returned "unclaimed," the husband, without introducing evidence indicating that the wife had resided in Alabama when he filed his action and had subsequently left the state in order to avoid service of process, sought and obtained an order authorizing service on the wife by publication. Thereafter, the trial court clerk published a notice of the divorce action in a newspaper of general circulation in Montgomery County once a week for four consecutive weeks. When the wife failed to answer or otherwise defend the action within 30 days after the last publication of the notice, the husband applied for a default judgment, and the trial court entered one. Although the trial court expressly found in the default judgment that it did not have personal jurisdiction over the wife, it not only divorced the parties but also divided the parties' marital property and ruled that neither the husband nor the wife were obligated to pay alimony. The trial court did acknowledge that its lack of personal jurisdiction over the wife prevented it from adjudicating the issues of child custody, visitation, and child support.
On appeal, the wife argues that the trial court erred insofar as it entered a default judgment divorcing the parties because the wife was not properly served *Page 1028 
with process. We agree. If one party to a divorce action has resided in Alabama for the six months preceding the filing of his or her divorce action and the other party resides outside Alabama and does not have minimum contacts with Alabama, an Alabama court may nonetheless enter a default judgment divorcing the parties if the out-of-state party was properly served with process. See Burke v. Burke, 816 So.2d 498,500 (Ala.Civ.App. 2001), and Shaddix v. Shaddix,603 So.2d 1096, 1098-99 (Ala.Civ.App. 1992). However, a failure to properly serve the out-of-state party deprives the trial court of personal jurisdiction to enter a default judgment divorcing the parties regardless of whether the out-of-state party has minimum contacts with the state of Alabama, and, therefore, such a default judgment is void. See Shaddix,603 So.2d at 1098-99. In the case now before us, the trial court erroneously authorized service of process on the wife, a nonresident of Alabama, by publication. See Williams v. Williams,910 So.2d 1284, 1286-88 (Ala.Civ.App. 2005) (holding that a nonresident may not be served by publication). Consequently, the attempt to serve the wife by publication did not confer personal jurisdiction over the wife. See Williams,910 So.2d at 1287. However, despite expressly finding that it did not have personal jurisdiction, the trial court erroneously entered a default judgment purporting to divorce the parties. Accordingly, the default judgment is void insofar as it purported to divorce the parties.
The wife also argues that the trial court erred insofar as it adjudicated marital-property and alimony issues when it lacked personal jurisdiction over the wife. We agree. An Alabama court that lacks personal jurisdiction over one of the parties to a divorce action may not adjudicate marital-property and alimony issues regardless of whether that party was properly served with process. See Burke, 816 So.2d at 500. In the case now before us, the trial court, despite expressly finding that it did not have personal jurisdiction over the wife, erroneously entered a default judgment purporting to adjudicate marital-property and alimony issues. Accordingly, the default judgment is void insofar as it purported to adjudicate marital-property and alimony issues.
We reverse the default judgment entered by the trial court, and we remand the case to the trial court with instructions for it to enter an order vacating the default judgment. We grant the wife's request for an attorney's fee on appeal and award her an attorney's fee in the amount of $1,000.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and THOMAS and MOORE, JJ., concur.
PITTMAN, J., concurs in the result, without writing.