LaQuanda M. Wannamaker ("the wife") appeals an order ("the visitation order") granting Raymond L. Wannamaker ("the husband") visitation with the parties' two minor children. We dismiss the appeal and instruct the trial court to set aside the visitation order.
The wife previously appealed a default divorce judgment the trial court had entered in the underlying action on October 19, 2006. See Wannamaker v. Wannamaker, 976 So.2d 1026
(Ala.Civ.App. 2007). While Wannamaker was pending in this court, the trial court entered the visitation order on December 21, 2006, and the wife then appealed the visitation order.
"[B]ecause "`jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu,"'" Horton v. Horton, 822 So.2d 431, 433
(Ala.Civ.App. 2001), we first consider whether we have jurisdiction over this appeal. "`Once an appeal is taken, the trial court loses jurisdiction to act except in matters entirely collateral to the appeal,'" Horton,822 So.2d at 434, because "jurisdiction of a case can be in only one court at a time." Foster v. Greer Sons, Inc.,446 So.2d 605, 608 (Ala. 1984). Thus, the filing of the wife's notice of appeal in Wannamaker divested the trial court of jurisdiction to act in the parties' divorce action, which encompassed the issue of visitation, until that appeal was resolved. Indeed, the trial court acknowledged in the visitation order that it did not have jurisdiction to enter a visitation order in the divorce action because that action was on appeal. However, the trial court *Page 69 
asserted that, despite its lack of jurisdiction to enter a visitation order in the divorce action, it nonetheless had jurisdiction to enter a visitation order because (1) in its capacity as a responding tribunal of an interstate child-support case under the Alabama Uniform Interstate Family Support Act, § 30-3A-316 et seq., Ala. Code 1975, it had before it an interstate child-support action the wife had initiated against the husband in New York in 1999, and (2) that interstate child-support action was not on appeal. However, nothing in § 30-3A-316 et seq. purports to confer upon a trial court jurisdiction to enter a visitation order in an interstate child-support case when the issue of visitation is vested in an appellate court by virtue of an appeal of a divorce action involving the same parties. Accordingly, we conclude that the trial court did not have jurisdiction to enter the visitation order. See Horton. Because the trial court lacked jurisdiction to enter the visitation order, that order is a nullity. Id. Therefore, we dismiss the appeal and instruct the trial court to set aside the visitation order.
The wife's request for an attorney's fee on appeal is denied.
APPEAL DISMISSED.
THOMAS and MOORE, JJ., concur.
THOMPSON, P.J., and PITTMAN, J., concur in the result, without writing.