PITTMAN, Judge.
S.J.R. (“the mother”) appeals from a judgment modifying the child-custody provisions of her divorce judgment from F.M.R. (“the father”). The mother also petitions for a writ of mandamus compelling the recusal of the trial judge in the case. Those two proceedings have been consolidated for review in this court.
This is the third occasion that these parties have been before this court concerning the custody of the parties’ now 13-year-old daughter (“the child”). In July 1996, the parties were divorced by a judgment based upon an agreement of the parties. In that judgment, the mother was awarded primary physical custody of the child, and the father was awarded standard biweekly weekend visitation.
Between 1999 and 2001, the mother and the father became embroiled in a custody-modification proceeding stemming from conflicting allegations that either the child’s paternal grandfather, the mother’s flaneé, or both had sexually molested the child. The trial court entered a judgment changing the child’s primary physical custody from the mother to the father on July 16, 2002, and the mother appealed from that judgment. See S.J.R. v. F.M.R., 933 So.2d 352 (Ala.Civ.App.2004) (“S.J.R. /”). In reviewing the trial court’s 2002 judgment, this court, in an opinion written by Judge Murdock, determined that the trial court had improperly admitted hearsay testimony over the objection of the mother, and we reversed the trial court’s judgment awarding custody of the child to the father and remanded the cause for a new trial. 933 So.2d at 361-62. That decision was issued by this court on May 7, 2004. The father filed an application for a rehearing on May 20, 2004; that application for a rehearing was overruled on February 25, 2005. On March 11, 2005, the father filed a petition for a writ of certiorari to the Alabama Supreme Court; that petition was denied on January 13, 2006. The certificate of judgment in S.J.R. I was issued on January 18, 2006.
Despite the delay in the issuance of this court’s certificate of judgment as to our May 2004 decision in S.J.R. I, the mother filed a motion on October 19, 2004, to show cause why physical custody of the child should not be immediately returned to the mother and to set a visitation schedule for the father. In response to that motion, the trial court entered the following order *470 on December 8, 2004: “Show cause issue denied. Court officially suspends all visitation based specifically on testing of S.S. [court-appointed child counselor]; visitation suspended for [the] mother.”
It is well settled that “a ‘judgment of [a Court of Appeals] is not final until that court issues its certificate of judgment, and an application for rehearing in that court and a petition in [the Alabama Supreme] Court for writ of certiorari stay the issuance of that certificate.’ ” Ex parte Tiongson, 765 So.2d 643, 643 (Ala. 2000) (quoting Jackson v. State, 566 So.2d 758, 759 n. 2 (Ala.1990)). Because the mother’s appeal in S.J.R. I was still pending when the trial court entered its December 8, 2004, order, the trial court’s order was properly referable only to its limited power to enter orders as to a child’s custody status pending the disposition of an appeal. Compare C.C. v. A.G., 676 So.2d 366, 367 (Ala.Civ.App.1996) (plurality opinion indicating that trial courts have such limited power) with Wannamaker v. Wannamaker, 979 So.2d 68, 68 (Ala.Civ.App.2007) (holding that appeal of divorce judgment divested the trial court of jurisdiction to enter a new visitation order until that appeal was resolved). Because the December 8, 2004, order was, by its very nature, temporary, that order was not a “final judgment” that would support an appeal; instead it is subject to review only via a petition for an extraordinary writ of mandamus. See B.W.C. v. State Dep’t of Human Res., 582 So.2d 579, 580 (Ala.Civ.App.1991).
However, despite the nonfinal nature of the December 8, 2004, order, the mother appealed from that order. Although this court purported to affirm that order, see S.J.R. v. F.M.R. (No. 2040352, Dec. 9, 2005), 975 So.2d 1024 (Ala.Civ.App.2005) (table) (“S.J.R. II ”), it is apparent in retrospect that the mother’s appeal should have been treated as a petition for a writ of mandamus challenging the trial court’s temporary order.
The genesis of the instant appeal is equally convoluted. The case-action-summary sheet indicates that on June 19, 2006, after the certificate of judgment in S.J.R. I had been issued, the case was “set for final disposition on pending petition at 9:00 on 9-7-06.” That same day, the trial court granted the guardian ad litem’s request to withdraw. The trial court appointed a replacement guardian ad litem on August 29, 2006, and the hearing was continued.
On September 22, 2006, the mother filed a motion to correct the case number of the action pending in the trial court. Four days later, the father filed a motion to dismiss and an objection to the mother’s motion to correct; the motion to dismiss was denied on September 28, 2006. On October 18, 2006, the trial court again set the case for a final hearing to dispose of “all pending matters” on March 8, 2007. On October 26, 2006, the mother filed a “motion for return of primary physical custody of [the child]”; that motion was added to the matters to be decided in March 2007. On December 7, 2006, the mother filed a pleading styled “habeas corpus” in an attempt to regain custody of the parties’ child; that pleading essentially restated the mother’s “motion for return of primary physical custody” that she had filed in October 2006. The trial court heard argument but no testimony concerning the mother’s habeas corpus action on January 4, 2007, but it denied the mother’s habeas corpus request for custody and again awarded the father pendente lite custody of the child. The mother has again appealed.
As noted previously in the discussion of S.J.R. II, the trial court’s temporary award of custody of the parties’ child to the father is not a final appealable *471 order. See P.B. v. P.C., 946 So.2d 896, 898-99 (Ala.Civ.App.2006), and Sizemore v. Sizemore, 423 So.2d 239, 241 (Ala.Civ.App.1982). The proper method of review of pendente lite orders is by a petition for the writ of mandamus. B.W.C., supra. In this case, the mother has improperly attempted to bring a direct appeal from a pendente lite custody order, and her appeal is due to be dismissed. However, for the sake of judicial economy, and to perhaps prevent the necessity for yet another appeal, we briefly address the current status of the litigation between the parties in light of our decisions in S.J.R. I and S.J.R. II and the dismissal of the mother’s third appeal.
Regardless of the case numbering used by the parties and the trial court in this case and in S.J.R. II, the only matters properly before the trial court remaining to be decided are the mother’s request to restrict the father’s visitation and the father’s custody-modification request that resulted in this court’s decision in S.J.R. I, supra, which reversed the trial court’s award of custody to the father and remanded the cause for a new hearing. The mother correctly notes that, with the issuance of the certificate of judgment in S.J.R. I, the parties were legally placed in the position that they had occupied before the father filed his custody-modification petition, ie., the mother was entitled to sole physical custody of the child, subject to the father’s standard visitation rights. See, e.g., Siegelman v. Alabama Ass’n of Sch. Bds., 819 So.2d 568, 583 (Ala.2001) (in reversing an injunction, appellate court placed parties in positions they had occupied at the outset of the litigation).
Upon remand, the trial court should have conducted a new custody-modification hearing and entered a judgment consistent with the standard set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984). Although the father has maintained physical custody of the child since the judgment we reversed in S.J.R. I was entered, and even though the trial court has entered two pendente lite orders (one terminating the mother’s visitation in December 2004; one awarding pendente lite custody of the child to the father in January 2007), the burden still rests upon the father to prove that a change in circumstances has occurred such that a change in custody will materially promote the best interests and welfare of the child. See Ex parte McLendon, supra. The mother correctly notes that nothing that has happened in the case since S.J.R. I was decided has altered that salient fact.
With that established, we now address the mother’s mandamus petition. In that petition, the mother lists several grounds that, she claims, require the trial judge to recuse himself from further proceedings in this case. We deem the first one of those grounds to be dispositive.
The law is well settled that a judge should recuse himself or herself in a proceeding in which his or her impartiality might reasonably be questioned. Ex parte Fowler, 863 So.2d 1136, 1141 (Ala.Cr.App.2001). The crux of the issue is not whether the trial judge is actually biased, but whether a reasonable person knowing everything the trial judge knows would have a “ ‘reasonable basis for questioning the judge’s impartiality.’ ” Ex parte Bryant, 682 So.2d 39, 41 (Ala.1996) (quoting Ex parte Cotton, 638 So.2d 870, 872 (Ala.1994)).
In this case, the record reveals that the trial judge has engaged in ex parte communications with a court-appointed child counselor throughout this protracted litigation. The Alabama Supreme Court has determined that such ex parte communications are not permitted because they violate a party’s right to examine or cross- *472 examine the expert in open court. See Ex parte R.D.N., 918 So.2d 100 (Ala.2005). In Ex parte R.D.N., the trial judge accepted and relied upon a guardian ad litem’s ex parte recommendation regarding the ultimate disposition of child custody in that case. 918 So.2d at 105-05. In the instant case, the trial judge has not only ordered that the counselor communicate only to the trial judge, excluding both parties involved in the custody dispute, but the trial judge has also entered a pendente lite order based upon the counselor’s recommendation. We conclude that the trial judge in this case has improperly allowed certain ex parte communications such that “a reasonable person knowing everything that the [trial] judge knows would have a ‘reasonable basis for questioning the [trial] judge’s impartiality.’ ” 682 So.2d at 41 (quoting Ex parte Cotton, 638 So.2d at 872).
In addition, the trial court in this case has had ample opportunity to conduct a new custody-modification hearing following the entry of this court’s certificate of judgment in S.J.R. I in January 2006. The trial court has failed to expeditiously respond to this court’s reversal in S.J.R. I, thus leaving the parties and the child in this case in legal limbo. The record reflects the fact that the parties’ child has multiple emotional and developmental problems that need close attention and medical intervention. On the basis of S.J.R. I, a full hearing on the merits of the custody dispute between the parties must be held at the earliest opportunity.
On the basis of Ex parte R.D.N., supra, we grant the mother’s petition for a writ of mandamus ordering the trial judge to re-cuse himself from further proceedings in this case. As noted previously, however, we must also dismiss the mother’s appeal in case number 2060319 as having been taken from a nonfinal order.
2060319 — APPEAL DISMISSED.
2060919 — PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.