702 S.E.2d 390

**Margaret P. WARE, Respondent,**

v.

**Ralph D. WARE, Appellant.**

No. 4753.

Court of Appeals of South Carolina.

Heard May 20, 2010.
Decided Oct. 13, 2010.
Rehearing Denied Dec. 21, 2010.

494

Gregory Samuel Forman, of Charleston, for Appellant.

William J. Clifford, of North Charleston, for Respondent.

LOCKEMY, J.

Ralph D. Ware (Husband) appeals the family court's order denying his motion to vacate its divorce orders. Husband argues the family court erred in failing to vacate its orders because Wife had a full and fair opportunity to challenge the personal jurisdiction of the circuit court of Randolph County,

Alabama (Alabama Court), which also entered divorce orders. We affirm.

## FACTS

Husband and Margaret P. Ware (Wife) were married on September 24, 1986. Over the next fourteen years, the parties lived, worked, and purchased a home in South Carolina. In 2000, Husband joined the Military Sea Lift Command, which caused him to be at sea for long periods of time, sporadically returning to the marital home. Husband returned to the marital home for the last time in 2005.

On January 5, 2007, Husband filed for divorce in Alabama where he lived. Wife was served with the Alabama divorce action on January 13, 2007. A month later, Wife filed for divorce in South Carolina. Four days after Wife filed for divorce in South Carolina, Alabama attorney Kesa M. Johnson appeared on Wife's behalf before the Alabama Court "on the limited basis and for the sole purpose of filing a motion to dismiss" Husband's complaint. In her Limited Notice of Appearance, Wife explicitly stated she was not submitting to the jurisdiction of the Alabama Court.

Wife argued the Alabama Court lacked subject matter jurisdiction and personal jurisdiction over both parties. According to Wife, Husband did not satisfy Alabama's residency requirement to initiate a divorce action.[1] Wife attached a signed affidavit to her motion explaining she has been a resident of South Carolina her entire life and has only been to Alabama twice to visit Husband's family. Wife continued, "I have never resided there, I have never been registered to vote there, I have never had a driver's license from there, [and] I have never owned real or personal property there."

After a hearing in April 2007, the Alabama Court denied Wife's motion and specifically stated:

A hearing was held on April 4, 2007, on [Wife's] Motion to Dismiss the Complaint for Divorce for [Husband's] failure to plead and prove residence as required by Alabama statu[t]e.

---

1. Section 30–2–5 of the Alabama Code provides, "When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for six months next [sic] before the filing of the complaint, which must be alleged in the complaint and proved."

At said hearing, [Husband] appeared and testified as to his domicile in Alabama since 2001. Furthermore, [Husband] has filed amended pleadings that denote the same domicile. While the Court notes that [Husband] spends most of his time at sea due to his profession, residency is based on more than w[h]ere he lays his head each night.

The Alabama Court's order failed to state whether it had personal jurisdiction over Wife, instead focusing on its jurisdiction over Husband based on his domicile in Alabama. Wife filed a motion to reconsider, noting the Alabama Court addressed personal jurisdiction over Husband but failed to address personal jurisdiction over her or jurisdiction over the marital property. Wife reiterated her argument that the Alabama Court lacked jurisdiction over her and the marital property and requested the Alabama Court reconsider its ruling.

The Alabama Court did not rule on Wife's motion to reconsider, and instead set a trial date for August 2007. Wife filed a motion for a continuance based on the Alabama Court's failure to rule on her motion to reconsider. Soon thereafter, Johnson filed a motion to withdraw as Wife's counsel, which the Alabama Court approved. Wife's motion for reconsideration remained pending until after the Alabama Court issued its final divorce order.

Meanwhile, Wife's divorce action continued in South Carolina. Wife attempted to serve Husband through certified mail, return receipt requested, but all certified mail was returned undelivered. Wife moved to serve Husband by publication, which the family court granted after Wife submitted an affidavit of publication at trial, manifesting service by publication in compliance with the South Carolina Code. Husband never responded to Wife's attempts to serve process on him and was never involved in the South Carolina divorce action.

After a final hearing in June 2007, the family court issued a final divorce order and a supplemental Qualified Domestic Relations Order (QDRO) dividing Husband's military retirement. The family court specifically found it had both subject matter jurisdiction and personal jurisdiction over the parties. The family court equitably divided the parties' property,

awarded Wife $750 in monthly alimony, and awarded Wife $2,867.91 in attorney's fees.

Two months later, the Alabama Court issued a final judgment of divorce. The Alabama Court declared the divorce decree and QDRO entered by the family court "null and void and of no effect." Further, the Alabama Court found Wife was served with legal notice of the divorce proceeding and was represented by counsel. Additionally, the Alabama Court averred:

Judge Jocelyn Cate was sent notice of this Court's Order May 13, 2007, and yet refused to abstain from further proceedings and even refers to the notice in her Final Order, dated July 13, 2007. Once this Court obtained jurisdiction of this proceeding, no other Court could proceed on any issues regarding a divorce between the parties and resolution of all issues of the divorce proceeding. Further, [Husband] is full time employed as a member of the Merchant Marine Service and is only home 30 days per year. [Wife] and her attorney in South Carolina, William J. Clifford, have to know these facts and yet they do not inform the South Carolina Court of these facts, as is reflected in the records, and attempted to have him served by notice in the Randolph Leader.

The Alabama Court granted Husband's request for a divorce and titled his retirement, 2005 Ford F–150, old uniforms, clothing and personal belongings into his name. Additionally, the Alabama Court titled Wife's retirement and disability, 2006 Jeep Liberty, household furnishings, and home in Charleston in her name. The order did not mention alimony, attorney's fees, or life insurance.

After issuing its final divorce order, the Alabama Court denied Wife's motion to reconsider, finding "jurisdiction was proper [in Alabama] and that [Wife] was properly served in this matter and failed to appear." Additionally, the court noted, "this case was filed and [Wife] served prior to [Wife's] commencement of the divorce action in South Carolina."

After both the Alabama Court and the family court entered divorce orders, Husband requested the family court vacate its

orders pursuant to Rule 60(b)(3)-(5), SCRCP.[2] In his motion, Husband argued jurisdiction attached in Alabama before Wife filed for divorce in South Carolina; thus, South Carolina never had jurisdiction.

The family court denied Husband's motion to vacate based on Rule 60(b)(3) and (b)(5), finding no evidence of fraud, misrepresentation, or other misconduct of an adverse party, or evidence demonstrating any judgment was satisfied. The family court then addressed Husband's Rule 60(b)(4) argument at length. The family court found the Alabama Court had personal jurisdiction over Husband and his marital status. However, the family court concluded the Alabama Court lacked personal jurisdiction over Wife or in rem jurisdiction over the marital property in South Carolina which would have prevented the family court from exercising jurisdiction. The family court also found the Alabama Court's order denying Wife's motion to dismiss for lack of subject matter jurisdiction was not entitled to full faith and credit because it was not a final ruling on the issue and Wife did not submit to the jurisdiction of the Alabama Court. Ultimately, the family court denied Husband's motion to vacate and awarded Wife $2,425 in attorney's fees that she requested. This appeal followed.

## ISSUE ON APPEAL

Did the family court err in denying Husband's motion for relief from the final divorce orders pursuant to Rule 60(b)(4), SCRCP?

---

**2.** South Carolina Rule of Civil Procedure 60(b)(3)-(5) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

. . .

(3) fraud, misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.

## STANDARD OF REVIEW

█ The decision to grant or deny a motion for relief from judgment pursuant to Rule 60(b), SCRCP, is within the sound discretion of the family court and can be reversed only if the family court abused its discretion. *Gainey v. Gainey,* 382 S.C. 414, 423, 675 S.E.2d 792, 796–97 (Ct.App.2009). "An abuse of discretion occurs when the [family court's] order [is] controlled by an error of law or the order is based on factual conclusions that are without evidentiary support." *Id.* at 423, 675 S.E.2d at 797.

## LAW/ANALYSIS

█ Husband argues the family court erred in denying his motion to vacate the final divorce orders. Specifically, Husband contends the family court erred in determining its final divorce orders were not void because Wife had an opportunity to fully litigate the issue of personal jurisdiction before the Alabama Court. Thus, Husband contends the Alabama Court's determination it had jurisdiction over Wife is entitled to full faith and credit. We disagree.

Initially, we note neither party disputes the validity of the other party's divorce. Accordingly, that the parties are divorced is the law of the case. *See Lucas v. Rawl Family Ltd. P'ship,* 359 S.C. 505, 511, 598 S.E.2d 712, 715 (2004) (finding an unappealed ruling, right or wrong is the law of the case). The principal issue before this court is whether the division of the marital property ordered by the Alabama Court is entitled to full faith and credit.

█ Pursuant to article IV, section 1 of the United States Constitution, "Full Faith and Credit shall be given in each State to ... judicial [p]roceedings of every other State." Thus, every state is required to give a judgment at least the res judicata effect it would be afforded in the state where it was rendered. *Durfee v. Duke,* 375 U.S. 106, 109, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963); *Hospitality Mgmt. Assocs., Inc. v. Shell Oil Co.,* 356 S.C. 644, 653, 591 S.E.2d 611, 616 (2004) (citing *Durfee,* 375 U.S. at 109, 84 S.Ct. 242). " 'A judgment of a court without jurisdiction of the person or of the subject matter is not entitled to recognition or enforcement in another state, or to the full faith and credit provided for in the federal Constitution.' " *Fin. Fed. Credit Inc. v. Brown,* 384 S.C. 555,

562–63, 683 S.E.2d 486, 490 (2009) (quoting 50 C.J.S. *Judgments* § 986 (1997)); *see also Durfee,* 375 U.S. at 110, 84 S.Ct. 242 ("[A] judgment of a court in one State is conclusive upon the merits in a court in another State only if the court in the first State had power to pass on the merits—had jurisdiction, that is, to render the judgment."). However, when the issue of jurisdiction has been fully and fairly litigated and finally decided, further inquiry into the jurisdiction of the issuing court is precluded. *Durfee,* 375 U.S. at 111, 84 S.Ct. 242; *see also Marshall v. Marshall,* 547 U.S. 293, 297, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006) (noting *"Durfee* stands only for the proposition that a state court's final judgment determining *its own* jurisdiction ordinarily qualifies for full faith and credit, so long as the jurisdictional issue was fully and fairly litigated in the court that rendered the judgment"). If the issue was not fully litigated, a court "may inquire into the jurisdictional basis of the foreign court's decree." *Underwriters Nat'l Assurance Co. v. N.C. Life & Accident & Health Ins. Guar. Ass'n,* 455 U.S. 691, 705, 102 S.Ct. 1357, 71 L.Ed.2d 558 (1982). Consequently, "[i]f that court did not have jurisdiction over the subject matter or the relevant parties, full faith and credit need not be given." *Id.*

■ Under Alabama law, Wife's special appearance before the Alabama Court to contest the court's jurisdiction did not subject her to the jurisdiction of the Alabama Court. *See City of Albany v. Spragins,* 208 Ala. 122, 93 So. 803, 805 (1922) (finding a limited appearance to contest personal jurisdiction is not a waiver of the jurisdiction issue and does not submit the defendant to the jurisdiction of the court). Further, in Alabama the denial of a motion to dismiss for lack of personal jurisdiction is not a final ruling on the issue. *Ex parte McInnis,* 820 So.2d 795, 798 (Ala.2001) ("A denial of a ... motion to dismiss for want of personal jurisdiction is interlocutory and preliminary only."). The avenues of answer, summary judgment, and trial were still available for Wife to challenge the personal jurisdiction of the Alabama Court. *Id.* ("After such a denial, the continuation of personal jurisdiction over a defendant who appropriately persists in challenging it in the defendant's answer to the complaint and by motion for summary judgment or at trial depends on the introduction of substantial evidence *to prove the* plaintiff's jurisdictional *allegations* in the plaintiff's complaint."). In fact, in his brief,

Husband admits the denial of Wife's motion to dismiss for lack of jurisdiction was interlocutory.[3]  Accordingly, we conclude the family court properly determined the issue of the Alabama Court's personal jurisdiction over Wife was not fully and fairly litigated and finally decided.

■  Because we find the issue of the Alabama Court's personal jurisdiction over Wife was not fully litigated, we examine whether the Alabama Court had personal jurisdiction over Wife in order to determine whether the Alabama Court's marital property division was entitled to full faith and credit. *See Underwriters Nat'l Assurance,* 455 U.S. at 705, 102 S.Ct. 1357 (noting that if the court issuing the order lacked jurisdiction over one of the parties, the order need not be afforded full faith and credit); Roy T. Stuckey, Marital Litigation in South Carolina 82–83 (Timothy L. Brown et al. eds., 3rd ed.  2001) ("When multiple states issue judgments in divorce cases, full faith and credit should be given to the orders of *the first court to act after establishing personal jurisdiction over both parties.*") (emphasis added).  This determination requires us to examine Alabama law.

■  Generally, Alabama's long arm rule authorizes the assertion of personal jurisdiction to the limits of due process. *Leithead v. Banyan Corp.,* 926 So.2d 1025, 1030 (Ala.2005). Alabama courts employ a two-part test to determine whether the exercise of personal jurisdiction is proper:  (1) the defendant must have minimum contacts with Alabama and (2) the exercise of jurisdiction must not offend traditional notions of fair play and substantial justice.  *Elliott v. Van Kleef,* 830 So.2d 726, 730–31 (Ala.2002); *Sena v. Sena,* 709 So.2d 48, 50 (Ala.Civ.App.1998) (applying the same rule in a divorce action).

The record before us contains no evidence of contacts by Wife sufficient to establish personal jurisdiction over her. Other than visiting Husband's family twice, Wife had no contacts with Alabama.  Thus, we find the family court properly determined the Alabama Court lacked personal jurisdic-

---

**3.** Husband argues the interlocutory nature of the Alabama Court's ruling is inconsequential because Wife failed to appeal after her motion to reconsider was denied.  However, Husband's argument is unavailing and merely highlights that the issue of personal jurisdiction was not fully litigated.

tion over Wife. Furthermore, we note because the Alabama Court lacked personal jurisdiction over Wife, its division of the marital property outside Alabama is void under Alabama Law. *Wannamaker v. Wannamaker*, 976 So.2d 1026, 1028 (Ala.Civ. App.2007) (holding a default judgment purporting to adjudicate marital property was void because the court that issued the judgment lacked personal jurisdiction over wife); *Burke v. Burke*, 816 So.2d 498, 501 (Ala.Civ.App.2001) (holding "[b]ecause [the Alabama court] did not have in personam jurisdiction over the wife, that portion of the order dealing with the division of property is declared void"). Accordingly, we find the Alabama Court's division of the parties' marital property is not entitled to full faith and credit.[4]

## CONCLUSION

For the foregoing reasons, we hold the family court did not abuse its discretion in denying Husband's motion to vacate its divorce orders pursuant to Rule 60(b)(4). Accordingly, the decision of the family court is

**AFFIRMED.**

KONDUROS and GEATHERS, JJ., concur.

---

4. In so finding, we give the Alabama Court's division of marital property only the res judicata effect it would have in Alabama. *Durfee,* 375 U.S. at 109, 84 S.Ct. 242 (explaining the Full Faith and Credit Clause "requires every State to give to a judgment at least the res judicata effect which the judgment would be accorded in the State which rendered it").