THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Ashley Tefft, Respondent,
 
 

   v.

 
 
 
 
 Clarke M. Tefft, Appellant.
 
 

Appeal From Beaufort County
Gerald C. Smoak, Jr., Family Court Judge

Unpublished Opinion No.   2011-UP-096
 Submitted March 1, 2011  Filed March 10,
2011

AFFIRMED

 
 
 
 O.W. Bannister, of Greenville, and Charles
 Russ Keep, III, of Hilton Head, for Appellant.
 Robert N. Rosen, of Charleston and
 Alexandra DeJarnette Varner, of Mount Pleasant, for Respondent.
 
 
 

PER CURIAM:  Clarke
 M. Tefft (Husband) appeals the family court's September 4, 2008 order requiring
 him to comply with a post-nuptial and reconciliation agreement, arguing the
 family court erred in: (1) finding an earlier family court order approving the
 reconciliation agreement was a final order; and (2) declaring its September 4,
 2008 order to be a final order.  We affirm.[1]
1. We hold the family court did not err in finding the order
 approving the reconciliation agreement was a final order.  "If a judgment
 leaves some further act to be done by the court before the rights of the
 parties are determined, the judgment is not final."  S.C. Dep't of
 Transp. v. Faulkenberry, 337 S.C. 140, 146, 522 S.E.2d 822, 825 (Ct. App.
 1999).  "An order is not final until it is entered by the clerk of court;
 and until the order or judgment is entered by the clerk of the court, the judge
 retains control of the case."  Upchurch v. Upchurch, 367 S.C. 16,
 22, 624 S.E.2d 643, 646 (2006).  Here, the order was final because: (1) it
 resolved all the rights of Husband and Ashley Tefft (Wife) for purposes of both
 their separation and reconciliation; and (2) the clerk of court entered the
 order into the record.  Additionally, we note insofar as Husband is attempting
 to challenge the underlying validity of the reconciliation agreement, he is
 bound by the terms of the reconciliation agreement because he freely and
 voluntarily entered into the agreement.  See Moseley v. Mosier,
 279 S.C. 348, 353, 306 S.E.2d 624, 627 (1983) ("The parties may
 specifically agree . . . to any terms they wish as long as the court deems the
 contract to have been entered fairly, voluntarily and reasonably. With the
 court's approval, the terms become a part of the decree and are binding on
 the parties and the court." (emphasis added)).  Lastly, we note
 Husband did not appeal the family court's order approving the reconciliation
 agreement.  See Ware v. Ware, 390 S.C. 493, 499, 702 S.E.2d 390,
 393 (Ct. App. 2010) (finding an unappealed ruling, right or wrong, is the law
 of the case).         
2. We hold any
 error on behalf of the family court in declaring its September 4, 2008 order[2] to be a final order was harmless
 because Husband has not suffered any
 prejudice resulting from his inability to file pleadings in Wife's second
 action for divorce.  A review of the record indicates Husband is still able to
 litigate and file pleadings for the issues surrounding the divorce because Wife
 initiated a third action for divorce on March 6, 2009, for which Husband has
 already filed an answer and several counterclaims.  Accordingly, we affirm the
 family court's ruling.  See Davis
 v. Davis, 372 S.C. 64, 87, 641 S.E.2d 446, 458 (Ct. App. 2006) (internal
 citations and quotation marks omitted) ("An error not shown to be
 prejudicial does not constitute grounds for reversal.").  
AFFIRMED.
WILLIAMS,
 GEATHERS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2]  The family court's September 4, 2008 order resolved
 the issues surrounding the reconciliation agreement and further stated: "[Wife]
 seeks a divorce in this case and is entitled to a hearing on the merits."