PITTMAN, Judge.
Tiara Brooke Lycans ("the mother"), the plaintiff in a divorce action pending in the DeKalb Circuit Court ("the divorce action"), petitions for a writ of mandamus directing the trial judge, Shaunathan C. Bell, to recuse himself from presiding over that action. For the reasons discussed below, we deny the petition.
Before filing her mandamus petition, the mother filed two motions in the trial court asking Judge Bell to recuse himself; Judge Bell denied both motions. Judge Bell entered his written order denying the last of those motions on March 9, 2017; the mother then filed her mandamus petition within the 42-day presumptively reasonable time after March 9, 2017, and this court called for an answer to the petition.
The mother based her motions on that portion of Canon 3.C.(1), Alabama Canons of Judicial Ethics, that provides that "[a] judge should disqualify himself in a proceeding in which ... his impartiality might reasonably be questioned ...." The mother, who is a lesbian and the mother of a child ("the child") born of her marriage to Zachary Thomas Lycans ("the father"), who is heterosexual, did not assert that Judge Bell was actually biased against her because she is a lesbian; rather, she asserted that, because she is a lesbian and because of Judge Bell's publicly expressed belief that homosexual relationships and marriages are contrary to God's law, a reasonable person would have a reasonable basis for questioning Judge Bell's impartiality in the divorce action.
At the hearing on the mother's second motion, Judge Bell declined to testify; however, he permitted the mother to state what she expected his testimony would indicate if he had testified. According to the mother's statement, Judge Bell's testimony would have established that, for almost 15 years, he has been the preacher of a fundamentalist church that believes that homosexual relationships and marriages are contrary to God's law, that such relationships and marriages are sinful and immoral, and that God's law takes precedence over man-made law; that Judge Bell has continued to serve as the preacher of that church after taking office as a circuit judge and is currently serving as the preacher of that church; that Judge Bell *868 considers the moral environment a child would live in to be of paramount importance in determining what custody arrangement is in the best interests of the child; that, the day after the United States Supreme Court released its decision in Obergefell v. Hodges, 576 U.S. ----, 135 S.Ct. 2584, 192 L.Ed.2d 609 (2015), holding that a state law that prohibited same-sex marriages violated the United States Constitution, Judge Bell reposted a message, referred to as a "tweet," on Twitter, a popular social-media platform at the time this opinion is being issued (Judge Bell's Twitter post is hereinafter referred to as "the retweeted tweet"), stating that God created marriage and that God's decisions regarding marriage are not subject to review or revision by any man-made court; that, after the mother filed her first motion to recuse, Judge Bell removed the retweeted tweet; and that, almost a year after the United States Supreme Court had released its decision in Obergefell v. Hodges, Judge Bell ruled in an action involving two lesbians who had been married in Florida that, because Florida law did not allow same-sex marriages when they were married, their divorce action would be treated as one seeking an annulment on the ground that their marriage was void. Judge Bell did not dispute that his testimony would have established those facts; however, he pointed out that, in the pendente lite custody order he had entered in the divorce action, he had granted the mother and the father joint physical custody of the child, with the parties alternating custody weekly, and that he had granted lesbian mothers joint physical custody with the fathers of their children, with custody alternating weekly, in two other divorce actions.
"The issue of recusal may properly be raised in a petition for a writ of mandamus. Ex parte Crawford, 686 So.2d 196, 198 (Ala. 1996). 'The writ of mandamus is an extraordinary remedy which should be granted only when it is clear that the trial court abused its discretion.' Ex parte Rollins, 495 So.2d 636, 638 (Ala. 1986). Further, ' "[t]he burden of proof is on the party seeking recusal." ' Ex parte City of Dothan Personnel Bd., 831 So.2d 1, 9 (Ala. 2002) (quoting Ex parte Cotton, 638 So.2d 870, 872 (Ala. 1994) ).
" 'The standard for recusal is an objective one: whether a reasonable person knowing everything that the judge knows would have a "reasonable basis for questioning the judge's impartiality." [ Ex parte Cotton, 638 So.2d 870, 872 (Ala. 1994) ]. The focus of our inquiry, therefore, is not whether a particular judge is or is not biased toward the petitioner; the focus is instead on whether a reasonable person would perceive potential bias or a lack of impartiality on the part of the judge in question.'
" Ex parte Bryant, 682 So.2d 39, 41 (Ala. 1996)."
Ex parte Bank of America, N.A., 39 So.3d 113, 117 (Ala. 2009). Thus, the issue before us is not whether Judge Bell is biased against the mother because she is a lesbian; rather, the issue is " 'whether a reasonable person knowing everything that [Judge Bell] knows would have a "reasonable basis for questioning [Judge Bell's] impartiality" ' " in the divorce action. Id. (emphasis added).
The custody of the child is the primary issue for determination in the divorce action. Judge Bell's expressed belief that homosexual relationships and marriage are contrary to God's law, his expressed belief that God's law takes precedence over man-made law, and his placing paramount importance on the moral environment in which a child will live in determining what custody arrangement is in the child's best interests are facts that would tend to indicate to a reasonable person that a reasonable basis for questioning Judge Bell's impartiality in the divorce action exists; however, the standard is not *869 whether there are some facts that would tend to indicate to a reasonable person that a reasonable basis for questioning Judge Bell's impartiality exists. Rather, the issue is " 'whether a reasonable person knowing everything that [Judge Bell] knows would have a "reasonable basis for questioning [Judge Bell's] impartiality." ' " Id. (emphasis added). A reasonable person who knows everything that Judge Bell knows would know that Judge Bell, in his pendente lite custody order entered in the divorce action, granted the mother and the father joint physical custody of the child, with custody alternating weekly, and that Judge Bell has granted two other lesbian mothers and the fathers of their children joint physical custody, with custody alternating weekly. We conclude that a reasonable person who knows everything that Judge Bell knows would not have a reasonable basis for questioning Judge Bell's impartiality in the divorce action. Accordingly, we deny the petition.
PETITION DENIED.
Thompson, P.J., and Thomas, Moore, and Donaldson, JJ., concur.