In March 1993 a reciprocal enforcement action was forwarded from the State of Texas to the Juvenile Court of Lauderdale County, pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA) and Title IV-D of the Social Security Act. In the action the State of Texas sought to enforce a support judgment issued by the District Court of Bexar County, Texas. That court had previously determined, pursuant to a paternity action, that Steve Hennessee was the father of Connie Monsivaiz's son. Simultaneously, with the finding of paternity, the court ordered that Hennessee pay child support. Hennessee was served with the URESA petition in April 1993.
In May 1993 Hennessee filed a "Response to Petition for Child Support (URESA)/Motion to Set Aside Judgment." In his petition he stated that he had not been served with the petition, only with an order setting the petition for a hearing. He further alleged that he was never personally served with the petition made the basis for the judgment of paternity entered against him in Texas. Moreover, he alleged that the Texas court lacked jurisdiction over him and that he had notified the Texas court of such by filing a motion to dismiss the action. He requested that the court set aside the Texas judgment for lack of jurisdiction. The trial court denied the motion. Hennessee appeals.
If the court of another state has personal and subject matter jurisdiction over an individual and enters judgment accordingly, that judgment is entitled to full faith and credit in the courts of this state. Century Int'l Management v.Gonzalez, 601 So.2d 105 (Ala.Civ.App. 1992). The effect and the validity of the foreign judgment are determined by the law of the rendering state. Century Int'l Management.
When the judgment of a foreign state is properly produced at trial and verified, it *Page 905 
is presumed that the rendering court had jurisdiction to enter the judgment. Century Int'l Management. The party challenging the foreign judgment on jurisdictional grounds has the burden to produce evidence to overcome the presumption. Century Int'lManagement.
Hennessee asserts that the trial court erred in refusing to set aside the Texas judgment. He insists that the Texas court lacked in personam jurisdiction over him because of lack of minimum contacts and because he was not properly served.
The State asserts that Hennessee's argument is irrelevant. It insists that the real issue is whether Hennessee waived his right to object to the jurisdiction of the Texas court by filing a general appearance in the paternity action.
We find the dispositive issue to be whether Hennessee waived his right to object to the jurisdiction of the Texas court.
Rule 120a, Tex.R.Civ.P., provides a procedure for making a special appearance for the purpose of objecting to in personam jurisdiction. The rule mandates strict compliance. The burden of proof of lack of jurisdiction is on the pleader.Portland Savings Loan Ass'n v. Bernstein, 716 S.W.2d 532
(Tex.App. 1985). The special appearance must be made before any other plea or motion made to the court. Portland Savings LoanAss'n. Every appearance prior to judgment not in compliance with the rule constitutes a general appearance. Rule 120a, Tex.R.Civ.P. Once a defendant makes a general appearance, he subjects himself to the jurisdiction of the court and his special appearance is waived. Estate of Griffin v. Sumner,604 S.W.2d 221 (Tex.Civ.App. 1980).
The record reflects that Hennessee failed to comply with the mandates of Rule 120a, Tex.R.Civ.P. He filed a motion to dismiss, with an attached affidavit. (His motion was filed pro se due to the fact that his attorney was not licensed to practice in Texas. The record reflects, however, that his attorney assisted him in drafting the motion.) His motion challenged the jurisdiction of the court, but also raised other issues, such as his willingness to submit to blood testing and sufficiency of process. Hennessee's motion was not conditioned on a special appearance. He did not request a hearing, nor did he provide any legal argument to support his motion.
Hennessee and the attorney assisting him were served with notice that a hearing would be held on June 16, 1992. Hennessee did not appear at the hearing. Following that hearing, the Texas court ordered that Hennessee submit to a paternity blood testing in Florence, Alabama. The order was received by Hennessee's attorney. Hennessee did not appear for the blood test. The Texas court again set a hearing date and sent notice to Hennessee and his attorney. Hennessee failed to appear at the hearing. Following the final hearing, the Texas court entered a default judgment against Hennessee and issued the order of paternity.
In denying Hennessee's motion to set aside the Texas judgment, the Alabama court entered the following order:
 "It appears to this court that the respondent/defendant made an attempt to object to the jurisdiction of the Texas court by filing a Motion to Dismiss; however, it is also clear that the respondent/defendant did not follow up with a special appearance in Texas to argue his objection. It appears to this court that the respondent/defendant did nothing more to pursue the issue of jurisdiction, although he had notice and opportunity.
 "Under the full faith and credit clause of the United States Constitution, sister states generally give effect to foreign judgments. However, Alabama courts may inquire into the jurisdiction of the foreign court and determine whether the issue of jurisdiction was fully and fairly litigated by the foreign court. The respondent/defendant had opportunity to present his evidence and his view of the law in reference to the issue of jurisdiction in the Texas court but, for whatever reason, chose not to do so. Consequently, the proceedings in Texas ultimately concluded with default judgment being entered against the respondent/defendant and said judgment must be given full faith and credit. *Page 906 
 "It is, therefore, the order of this court that the respondent/defendant's Motion To Set Aside Judgment is denied."
Based on our review of the record and the principles of law cited, we find that the Texas court's judgment is entitled to full faith and credit. The judgment of the Alabama court, denying Hennessee's motion to set aside that order, is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.[1]
AFFIRMED.
All the Judges concur.
[1] This case was assigned to the author of this opinion on June 23, 1994.