THOMAS, Judge.
Justina B. Fuller (“the mother”) appeals from a judgment of the Lamar Circuit Court divorcing her from Christopher Michael Fuller (“the father”) and awarding him primary physical custody of the parties’ two children (“the children”).
This is the second time these parties have been before this court. See Fuller v. Fuller, 991 So.2d 285 (Ala.Civ.App.2008). In November 2006, the father filed a complaint for a divorce in the trial court. Fuller, 991 So.2d at 286. The father later moved for, and the trial court granted him, a default judgment against the mother. Id. The trial court’s default judgment, among other things, awarded the father “full-time” custody of the children. Id. at 287-88. The mother moved the trial court pursuant to Rule 55(c), Ala. R. Civ. P., to set aside the default judgment; the trial court denied the mother’s motion. Id. at 287. The mother appealed to this court. Id. On March 21, 2008, we reversed the trial court’s denial of the mother’s motion to set aside the default judgment and remanded the cause for further proceedings. Id. at 292. Thereafter, that case was dismissed by agreement of the parties.
On August 15, 2008, the father again filed a complaint for a divorce in the trial court, alleging, among other things, that the mother was unfit to have custody of the children. The mother counterclaimed, alleging that she was the proper party to have custody of the children.[1] Following a hearing, at which it heard ore tenus evidence, the trial court entered a judgment divorcing the parties, awarding the father primary physical custody of the children, and ordering the mother to pay child support. The mother filed a postjudgment motion, pursuant to Rule 59(e), Ala. R.Civ. P. On July 8, 2009, the trial court held a hearing on the mother’s postjudgment motion, and, at the conclusion of the hearing, the trial-court judge stated on the record that he was denying the mother’s post-judgment motion. The denial of the mother’s motion was entered in the State Judicial Information System that same day.[2] The mother did not appeal the trial court’s judgment within 42 days of the entry of the denial of her postjudgment motion, as required by Rule 4(a)(1), Ala. R.App. P.
On September 11, 2009, the mother moved the trial court pursuant to Rule 77(d), Ala. R. Civ. P.,[3] to extend the time *1055 for her to file an appeal, alleging that the clerk’s office had failed to notify her of the entry of the trial court’s order denying her postjudgment motion; the father did not oppose the mother’s motion. The trial court granted the mother’s Rule 77(d) motion, and the mother appealed to this court.
The father argues that the trial court erred when it granted the mother’s Rule 77(d) motion because, the father asserts, the mother did not demonstrate the existence of excusable neglect. However, the father did not oppose the mother’s Rule 77(d) motion in the trial court; therefore, the father has waived any argument on appeal concerning the merits of the trial court’s order granting the mother’s Rule 77(d) motion. See Ex parte S.W.T., 782 So.2d 766, 767 (Ala.2000) (holding that a party’s “failure to oppose the trial court’s order extending the time for appeal precludes appellate review of the merits of that order”). Because the father has waived any argument that the trial court erred in granting the mother’s Rule 77(d) motion, and because the mother filed her appeal within the extended time allowed under the trial court’s order, the mother’s appeal was timely filed.
The mother argues that the trial court erred when it granted physical custody of the children to the father because, she asserts, the evidence was insufficient to support the trial court’s judgment. However, first we must determine whether the trial court had subject-matter jurisdiction to determine the custody of the children. Although neither party has raised the issue of the trial court’s subject-matter jurisdiction, “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)
The Uniform Child Custody Jurisdiction and Enforcement Act (“the UCCJEA”), codified at Ala.Code 1975, § 80-8B-101 et seq., prescribes the requirements that must be met for a trial court to have subject-matter jurisdiction over a child-custody determination. Section 30-3B-201 of the UCCJEA provides:
“(a) Except as otherwise provided in Section 30-3B-204, a court of this state has jurisdiction to make an initial child custody determination only if:
“(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
“(2) A court of another state does not have jurisdiction under subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 30-3B-207 or 30-3B-208, and:
“a. The child and the child’s parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
“b. Substantial evidence is available in this state concerning the child’s care, protection, training, and personal relationships;
*1056 “(3) All courts having jurisdiction under subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section S0-3B-207 or 30-3B-208; or
“(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (1), (2), or (3).
“(b) Subsection (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this state.
“(c) Physical presence of a child is not necessary or sufficient to make a child custody determination.”
When an initial custody determination has been made by a court of another state, § 30-3B-203 of the UCCJEA establishes when an Alabama court has jurisdiction to modify that custody order. Section 30-3B-203 provides:
“Except as otherwise provided in Section 30-3B-204, a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under Section 30-3B-201(a)(l) or (2) and:
“(1) The court of the other state determines it no longer has continuing, exclusive jurisdiction unfler Section 30-3B-202 or that a court of this state would be a more convenient forum under Section 30-3B-207; or
“(2) A court of this state or a court of the other state determines that the child, the child’s parents, and any person acting as a parent do not presently reside in the other state.”
At the hearing, the mother testified that the children had lived with her in Mississippi from November 2006 until July 2007; the father testified that the mother took the children with her to Mississippi when the parties separated in November 2006. According to the mother, the parties then alternated custody of the children from August 2007 until November 2007 based on a custody order entered by a Mississippi court. Later in the hearing, the father’s attorney stated that “[a]t some point after the default judgment over here in [2007], [the parties] initiated a [domestic-relations] case in Mississippi.” The father’s attorney could not provide any further information to the trial court regarding the Mississippi action. This court requested that the parties provide letter briefs concerning the nature of the Mississippi action and its relation to the instant divorce case.
According to the parties’ letter briefs, it appears that on June 14, 2007, while the default judgment was pending on appeal, the father filed a petition for a writ of habeas corpus in Mississippi, where the mother resides, alleging that the mother was in contempt of the default judgment because, the father alleged, the mother was illegally detaining the parties’ children. The Mississippi court purportedly entered an order giving full faith and credit to the default judgment and, in July 2007, it purportedly entered an order awarding custody of the children to the father Monday through Thursday of each week and to the mother the remaining days of the week; this custody arrangement differed from what was ordered in the default judgment. In the order it purportedly entered in July 2007, the Mississippi court also ordered that neither party was obligated to pay child support.
The parties dispute whether the Mississippi court took any further action regarding the custody of the children. The mother contends that the matter is still pending before the Mississippi court. The father contends that the Mississippi court determined that it had no jurisdic *1057 tion to enter any further orders; however, according to the father, the Mississippi court left its July 2007 order in place. Both the mother and the father attached exhibits to their briefs containing materials that are presumably from the Mississippi action. However, it is a well settled rule of law that “[e]vidence or assertions of fact contained in the briefs of the parties, but not included in the record presented on appeal, may not be considered by this court.” Palmer v. Bentley, 634 So.2d 559, 560 (Ala.Civ.App.1994).
If, as the mother contends, the Mississippi action remains pending, then it raises the possibility that simultaneous custody proceedings exist. When simultaneous custody proceedings exist, § 30-3B-206 provides:
“(a) Except as otherwise provided in Section 30-3B-204, a court of this state may not exercise its jurisdiction under this article if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this chapter, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under Section 30-3B-207.
“(b) Except as otherwise provided in Section 30-3B-204, a court of this state, before hearing a child custody proceeding, shall examine the court documents and other information supplied by the parties pursuant to Section 30-3B-209. If the court determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this chapter, the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this chapter does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding.”
From the appellate record before this court, we cannot determine the extent of the Mississippi action or the effect of that action, if any, on the subject-matter jurisdiction of the trial court to make a custody determination regarding the children. The information in the record raises the questions whether, upon the reversal of the default divorce judgment and the subsequent dismissal of the previous divorce action, the July 2007 order of the Mississippi court became the initial custody determination under the UCCJEA and/or whether the Mississippi case represents a simultaneous custody proceeding and, if so, whether that proceeding is “substantially in conformity” with the UCCJEA.
We express no opinion on these questions; rather, because the record on appeal is insufficient to determine whether the trial court had subject-matter jurisdiction, the trial court is the more appropriate forum to make an initial determination whether it has the requisite subject-matter jurisdiction under the UCCJEA to determine the custody of the parties’ children. Therefore, we reverse the trial court’s judgment insofar as it awarded custody of the children, and we remand the cause for that court to determine whether it has subject-matter jurisdiction under the UC-CJEA.
The trial court’s judgment also divorced the parties and dissolved the marriage. At the time the father filed his complaint, the mother was a resident of Mississippi. Alabama Code 1975, § 30-2-5, provides that when the defendant to a divorce action is a nonresident of this state, “the other party to the marriage must have been a bona fide resident of this *1058 state for six months next before the filing of the complaint, which must be alleged in the complaint and proved.” The plaintiff in this case, the father, alleged in his complaint for a divorce that he had been a bona fide resident of this state for more than six months before he filed his complaint. Neither of the parties raised any issue in the trial court or on appeal questioning the residency of the father. Thus, the trial court had jurisdiction to divorce the parties, and the part of its judgment dissolving the marriage is due to be affirmed.

Conclusion

We affirm the trial court’s judgment insofar as it divorces the parties. Because the record raises the question whether the trial court had subject-matter jurisdiction under the UCCJEA and because this court cannot determine the answer to that question without further development of the record on appeal, we reverse the judgment of the trial court insofar as it determined custody of- the children and remand the cause to that court for it to conduct a hearing and to determine whether it has subject-matter jurisdiction under the UC-CJEA.
The father’s request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. The mother and the father stated that there were no issues to be decided by the trial court other than the dissolution of their marriage and the custody of the children.

. Rule 58(c), Ala. R.Civ. P., provides, in part, that "[a]n order or a judgment shall be deemed 'entered' within the meaning of these Rules and the Rules of Appellate Procedure as of the actual date of the input of the order or judgment into the State Judicial Information System.”

.Rule 77(d), Ala. R.Civ. P., provides, in part: "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve *1055 or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time now provided for appeals in civil actions.”