THOMPSON, Presiding Judge.
Jeffrey L. Chafin (“the husband”) appeals from the judgment dismissing his complaint seeking a divorce from Lynne Hales Chafin (“the wife”). In its judgment, the trial court stated that, having considered the pleadings, it determined that it did not have jurisdiction over the parties’ divorce action or over the custody of the parties’ minor child.
The record indicates the following. The parties were married in Scotland in March 2006. The wife is a citizen of the United Kingdom. One child was born during the marriage; the child holds dual citizenship in the United States and the United Kingdom. In May 2010, the husband filed a complaint for a divorce in the Madison Circuit Court (“the trial court”), in which he alleged that he was a resident of Alabama. He also sought “emergency temporary relief’ to prohibit the wife from leaving the country. The trial court entered an order permitting the husband to retain the wife’s passport, and both parties were enjoined from leaving the United States with the child. The wife initially was not represented by counsel, and the litigation in the divorce action proceeded.
While the divorce action was pending, the wife retained an attorney. She initiated an action in the United States District Court for the Northern District of Alabama (“the federal-court action”) seeking to return to Scotland with the child. The petition initiating the federal-court action was filed pursuant to Article 12 of the Hague Convention on the Civil Aspects of International Child Abduction. On May 5, 2011, the wife filed a motion to stay the “custody proceedings” in the state court, and on May 10, 2011, the trial court entered a stay of the divorce action pending a resolution of the federal-court action.
On June 7, 2011, the husband filed a motion seeking the dismissal of the divorce action pursuant to Rule 41(a), Ala. R. Civ. P. In the motion, the husband stated that the wife had never filed an answer or any other responsive pleading. On June 8, the trial court entered a judgment dismissing the divorce action.
The same day that the husband filed his motion seeking the dismissal of the divorce action, he filed a second divorce action. On June 30, 2011, the trial court entered an order staying the second divorce action pending a final ruling in the federal-court action. Nonetheless, on October 11, 2011, the husband filed a motion requesting a special process server. In his brief, the husband states that the “clerk of the court approved the motion” for the special process server, and the wife was served with the complaint in the second divorce action. However, the record indicates that on October 21, 2011, the trial court denied the motion, noting that it had stayed the second divorce action by its order of June 30, 2011. The trial court also ordered the husband to provide it with a copy of the final ruling, if any, in the federal-court action within seven days.
A judgment had been entered in the federal-court action on October 13, 2011, and the husband provided the trial court with a copy of that judgment on October 28, 2011. A copy of the federal-court judg- *236 merit is included in the record on appeal. In the judgment, the federal district court found that evidence before it indicated that the wife and child had traveled to the United States in February 2010, but would have returned to Scotland, where they lived, in May 2010 if the husband had not filed the first divorce action and received an order that prohibited the wife from removing the child from the United States. In fact, the federal court noted, the wife traveled to the United States on a 90-day visitor’s visa, and she had enrolled the child in the Scottish education system, which was scheduled to begin in April 2010. However, the federal court found, before the wife and child could return to Scotland, the husband had filed an emergency custody petition and took the child’s passport. The federal court held that the child had been wrongfully detained in the United States as of May 15, 2010, when the husband denied the wife access to the child’s passport. The federal court found that the wife and child were residents of Scotland and granted the wife’s petition to return to Scotland with the child, where appropriate custody proceedings could begin.
On November 14, 2011, the wife filed a motion seeking the dismissal of the second divorce action, arguing, among other things, that, because the wife and the child were not residents of Alabama, the trial court did not have jurisdiction over them. The trial court agreed with the wife, and on November 21, 2011, it entered a judgment dismissing the second divorce action. In the judgment, the trial court expressly found that it did not have jurisdiction over the parties’ divorce action or over the custody of the child. On December 16, 2011, the husband filed a postjudgment motion and requested oral argument. The trial court denied the husband’s motion without allowing oral argument. The husband timely appealed.
The husband contends that the trial court erred in dismissing the divorce action on the ground that it lacked jurisdiction over the divorce action or over the custody of the parties’ minor child. In support of his contention, the husband cites § 30-2-5, Ala.Code 1975, which provides:
“When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for six months next before the filing of the complaint, which must be alleged in the complaint and proved.”
For a trial court to gain jurisdiction over the marital res, the complaining party must have been a resident of Alabama for six months before filing a complaint for a divorce. Livingston v. Livingston, 835 So.2d 1021, 1023 (Ala.Civ.App.2002). This court has discussed the role of in person-am jurisdiction in the context of a divorce action, explaining:
“We first note that Alabama statutes do not require that a court have in per-sonam jurisdiction over both parties to grant a divorce. The wife alleged and proved her residence in the State of Alabama pursuant to § 30-2-5, Ala. Code 1975. This was sufficient to allow jurisdiction over the wife and the marital res. Lightell v. Lightell, 394 So.2d 41, 42 (Ala.Civ.App.1981). However, a potential judgment awarding custody and child support necessarily fixes upon a [parent] a personal obligation for the care and support of the minor children and requires in personam jurisdiction over the [parent]. May v. Anderson, 345 U.S. 528, 534, 73 S.Ct. 840, 97 L.Ed. 1221 (1953), and Lightell, 394 So.2d at 42-43.”
Coleman v. Coleman, 864 So.2d 371, 374 (Ala.Civ.App.2003).
*237 In Fuller v. Fuller, 51 So.3d 1053 (Ala.Civ.App.2010), this court determined that the trial court had jurisdiction to divorce the parties when, at the time the divorce complaint was filed, the father, who had filed the complaint, was a resident of Alabama and the mother was a resident of Mississippi. In reaching our conclusion, this court explained:
“The plaintiff in this case, the father, alleged in his complaint for a divorce that he had been a bona fide resident of this state for more than six months before he filed his complaint. Neither of the parties raised any issue in the trial court or on appeal questioning the residency of the father. Thus, the trial court had jurisdiction to divorce the parties, and the part of its judgment dissolving the marriage is due to be affirmed.”
Id. at 1058. In this case, the husband alleged in the second divorce complaint that he was a resident of Alabama and that he had been a resident for more than six consecutive months at the time the complaint was filed. The wife does not dispute that the husband is an Alabama resident. Accordingly, we conclude that the trial court had jurisdiction to divorce the parties. Therefore, the trial court erred in dismissing the divorce action in its entirety-
The trial court also found that it did not have jurisdiction over the custody of the child. In his brief on appeal, the husband states in a parenthetical phrase that the trial court had jurisdiction over the child, but he does not make a supportive legal argument or cite to any legal authority. Thus, the husband’s argument is insufficient to warrant this court’s review of the trial court’s judgment as to this issue. See Jimmy Day Plumbing & Heating, Inc. v. Smith, 964 So.2d 1, 9 (Ala.2007) (holding that the appellant’s three-sentence argument and citation to one case in support of a general proposition of law was insufficient to invoke review of the argument raised by the appellant); and Rule 28(a)(10), Ala. R.App. P. The husband failed to demonstrate that the trial court erred as to this issue.
Out of an abundance of caution, however, we note that, to the extent one could construe the husband’s argument that the trial court had jurisdiction over the wife as an argument that it also had jurisdiction to determine custody of the child, the argument must fail. Alabama’s version of the Uniform Child Custody Jurisdiction and Enforcement Act (“the UC-CJEA”), codified at § 30-3B-101 et seq., Ala.Code 1975, sets out the basis for subject-matter jurisdiction in a child-custody proceeding, which includes an initial custody determination in a divorce proceeding. § 30-3B-102(4), Ala.Code 1975. Section 30-3B-201(a) of the UCCJEA provides, in pertinent part:
“(a) Except as otherwise provided in Section 30-3B-204, a court of this state has jurisdiction to make an initial child custody determination only if:
“(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
“(2) A court of another state does not have jurisdiction under subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 30-3B-207 or 30-3B-208.
The trial court’s judgment dismissing the divorce action did not specify the basis *238 for the trial court’s determination that it did not have jurisdiction over the custody of the child. We note, however, that, in her motion to dismiss, the wife referred to the judgment entered in the federal-court action in which the federal court found that “there was no intent of the parties for Alabama to be the primary residence of the child” and granted the wife’s request to return with the child to their home in Scotland. The wife also pointed out that the federal court’s judgment stated that proceedings regarding the custody of the child were to continue in Scotland.[1]
Section 30-3B-105, Ala.Code 1975, governs the international application of the UCCJEA and provides:
“(a) A court of this state shall treat a foreign country as if it were a state of the United States for the purpose of applying this article [§§ 30-3B-101 through 30-3B-112] and Article 2 [§§ 30-3B-201 through 3-3B-210].
“(b) Except as otherwise provided in subsection (c), a child custody determination made in a foreign country under factual circumstances in substantial conformity with the jurisdictional standards of this chapter [i.e., the UCCJEA] must be recognized and enforced under Article 3 [§§ 30-3B-301 through 30-3B-114].
“(c) A court of this state need not apply this chapter if the child custody law of a foreign country violates fundamental principles of human rights.”
There has been no suggestion that the child-custody law of Scotland “violates fundamental principles of human rights,” § 30-3B-105(c); therefore, pursuant to § 30-3B-105(a), we “shall treat [Scotland] as if it were a state of the United States for the purpose of applying” the UC-CJEA’s jurisdictional provisions. Based on the federal court’s determination that the child’s residence was in Scotland and that the child was not a resident of Alabama, then, at the commencement of the second divorce action, the child’s “home state” was Scotland. Because another “state” had jurisdiction to enter a child-custody determination pursuant to the UC-CJEA, the trial court in Alabama lacked subject-matter jurisdiction to make an initial child-custody determination in the present case. See Fuller v. Fuller, 93 So.3d 961, 966 (Ala.Civ.App.2012). Therefore, the trial court properly determined that it did not have jurisdiction over the custody of the child.
For the reasons set forth above, we reverse the trial court’s judgment to the extent that it dismissed the husband’s second divorce action on the ground that the trial court did not have jurisdiction to divorce the parties. We affirm that portion of the judgment of the trial court dismissing the action on the ground that it did not have jurisdiction to determine the custody of the child. This cause is remanded to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
PITTMAN, THOMAS, and MOORE, JJ., concur.
BRYAN, J., concurs in the result, without writing.

. The husband makes no assertion that the findings of fact contained in the federal-court judgment cannot be used as the basis for the trial court's determination that it did not have jurisdiction over the custody of the child in the case on appeal.