743 S.E.2d 817

Margaret P. WARE, Respondent,

v.

Ralph D. WARE, Petitioner.

Appellate Case No.2011–183286.

No. 27267.

Supreme Court of South Carolina.

Heard Feb. 5, 2013.

Decided June 12, 2013.

4

Gregory Samuel Forman, of Charleston, for Petitioner.

William J. Clifford, of North Charleston, for Respondent.

Justice BEATTY.

This case involves dual domestic actions instituted in Alabama and South Carolina by Ralph D. Ware (Husband) and Margaret P. Ware (Wife). The family court denied Husband's motion to vacate the orders in the South Carolina case, and the Court of Appeals affirmed. *Ware v. Ware*, 390 S.C. 493, 702 S.E.2d 390 (Ct.App.2010). This Court has granted Husband's petition for a writ of certiorari. Husband contends the Court of Appeals erred in upholding the South Carolina orders, which declared the parties to be living separate and apart and included a property division and an award of alimony and attorney's fees to Wife. Husband asserts full faith and credit should have been given to the Alabama decree, which granted the parties a divorce and set forth a different property division and contained no ruling on alimony. It is undisputed that Husband instituted his action first, but Wife has raised questions as to the Alabama court's jurisdiction over her and the marital property that she contends precludes affording full faith and credit to the Alabama order. Husband argues Wife has waived any objection in this regard. We reverse and remand.

## I. FACTS

The parties married in Berkeley County in September 1986. At the time of the marriage, Husband was in the United States Navy, and he retired in May 1998. Following Husband's retirement, he was employed locally for two years, and then obtained a job as a federal civil servant with the United States Navy's Military Sealift Command, which required him to be away for long periods. Wife worked at one time, but medical issues resulted in her being declared totally disabled. During their marriage, the parties resided in a marital home they purchased in Berkeley County. No children were born of the marriage.

On January 10, 2007, Husband filed a summons and complaint for divorce and a property division in the circuit court of

6

Randolph County, Alabama. Husband alleged he was a resident of Alabama, Wife was a resident of South Carolina, and that they had separated on February 27, 2001 due to irreconcilable differences. In addition to a divorce, Husband sought an award of his retirement benefits, his vehicle, and his clothing and personal belongings. Husband requested that Wife be awarded her retirement and disability benefits, a vehicle, and the marital home and its furnishings in South Carolina. Wife signed a certified mail receipt on January 13, 2007 acknowledging service of the pleading.

About one month later, on February 16, 2007, Wife filed the instant action in South Carolina seeking, among other things, an equitable division of marital property, including Husband's retirement; alimony; and attorney's fees. Wife stated the parties had separated on or about February 27, 2001 when Husband abandoned the marital home, and averred that "she is entitled to live separate and apart from" Husband. She did not request a divorce. Wife stated in her complaint that she was a resident of Berkeley County, South Carolina, and Husband was a resident of Randolph County, Alabama, and that the family court had jurisdiction over the parties and the subject matter of the action.

After Wife's attempts to serve Husband at his last known address failed, Wife was permitted to serve Husband with the South Carolina action by publication in Alabama. Husband did not answer Wife's pleading.

On February 20, 2007, some four days after Wife filed her complaint in South Carolina, an Alabama attorney filed a Limited Notice of Appearance on behalf of Wife in Alabama. The same day, Wife's counsel also filed a motion to dismiss Husband's action. Wife argued, in relevant part, that the "complaint does not meet the requirements of Alabama Code Section 30–2–5." [1] In addition, Wife asserted the Alabama court does not have personal jurisdiction over her and does

---

1. *See* Ala.Code § 30–2–5 (2011) ("When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for six months next before the filing of the complaint, which must be alleged in the complaint and proved."). Husband's complaint stated he separated from Wife in 2001 and he was a resident of Alabama, but he did not specifically state he had been a resident of Alabama for six months prior to filing the complaint.

not have jurisdiction "over the marital res at issue," as Wife is a resident of South Carolina with no contact with Alabama as evidenced in a supporting affidavit.

In the alternative, Wife asked that, if the court decided to proceed with the case, that it rule that it has jurisdiction only to divorce the parties and not over any of the marital assets and liabilities, which are located in South Carolina or other states, and Wife noted ancillary proceedings in such states were pending. Lastly, Wife requested that she "be awarded attorney's fees and costs for litigating this jurisdictional issue."

After a hearing, the Alabama court denied Wife's motion to dismiss by order dated May 13, 2007. In its order, the Alabama court stated the hearing was held on Wife's motion to dismiss "for [Husband's] failure to plead and prove residence as required by Alabama statute." The court noted that Husband had testified at the hearing that he had been domiciled in Alabama since 2001; additionally, Husband had filed amended pleadings denoting the same.[2] The court stated while Husband "spends most of his time at sea due to his profession, residency is based on more than [where] he lays his head each night." On May 17, 2007 the court set the trial date for August 23, 2007.

On or about June 1, 2007, Wife filed a "Motion to Reconsider," pointing out that, while the court found it had personal jurisdiction as to *Husband*, it had failed to address her argument that the Alabama court lacked personal jurisdiction over *her* and the parties' marital property based on her insufficient contacts with Alabama. The court issued no ruling at that time.

On June 18, 2007, Wife's Alabama attorney filed a motion to continue the August 23rd trial date previously set for the Alabama action citing, among other things, the fact that Wife's motion for reconsideration was still pending. There is no indication in the record that a formal ruling was issued on this motion prior to the August trial.

---

**2.** The order does not indicate whether the amended pleading was served on Wife.

A final hearing was held on Wife's domestic action in South Carolina on June 22, 2007. Wife was present with her attorney; however, Husband was absent and was not otherwise represented by counsel.

By order filed July 31, 2007, the South Carolina family court declared Wife shall be permitted to continue living separate and apart from Husband, it awarded Wife alimony of $750 per month, it equitably distributed the marital assets, including Husband's military retirement, and it awarded Wife $2,867.91 in attorney's fees. The family court noted Wife had testified that she desired to continue her marriage in spite of Husband's desertion because she is afforded military medical coverage, which supplements her Medicare. However, upon her divorce, which Husband was pursing in Alabama, she will no longer have that medical coverage.

As to the property, the family court awarded Wife the marital home in South Carolina, a 27% share of Husband's military retirement, and a Chrysler Jeep. Husband was awarded property located in Georgia after Wife relinquished all interest therein, all of his Civil Service retirement, the balance of his military retirement that was not awarded to Wife, and three vehicles. He was ordered not to change benefits documents or insurance policies that have named Wife as a beneficiary.

The family court found it had jurisdiction over the parties and subject matter jurisdiction of this action except as to the disposition of the Georgia property, to which Wife had relinquished any interest. The family court stated it had been made aware of ongoing litigation in Alabama by a letter from Husband's counsel notifying the court of the Alabama action and seeking to have the South Carolina action dismissed. As to this request, the family court stated, "The Alabama attorney, neither being a member of the South Carolina Bar or being authorized to proceed *pro hac vice,* was not authorized to practice law in this state and the Court took no actions based on the Defendant's attorney's letter."

A hearing was held by the Alabama court as scheduled on August 23, 2007. By that time, Wife's Alabama counsel had withdrawn from representation on the basis Wife had retained her for the limited purpose of handling the motion to dismiss

and had not contacted her thereafter to retain her for further representation.[3] The Alabama court filed a final judgment on September 5, 2007 declaring the orders issued in South Carolina to be "null and void and of no effect." The court stated the South Carolina judge "was sent notice of this Court's Order May 13, 2007 [denying Wife's motion to dismiss], and yet refused to abstain from further proceedings and even refers to the notice in her Final Order. . . . "

The court granted Husband a divorce and divided the marital estate, including real property located in South Carolina and personal property, along the lines requested by Husband in his complaint. Both Husband's complaint and the court's order are silent on the issue of alimony. The order did not address Wife's previous motion for a continuance.

On October 12, 2007, Wife filed an "Appeal/Amendment" of the Alabama court's final order with the trial court. Wife stated she was "not contesting the divorce in any manner," but that she believed she had a right to appeal and/or amend the final order because she is "entitled to a fair share of the personal assets that were acquired during [the] marriage and alimony." Wife requested the Alabama court to "reconsider the decision based on the lack of jurisdiction and fair play over the issue of alimony and the distribution of marital assets."

On January 17, 2008, the Alabama court summarily denied Wife's "Motion to Reconsider." The order does not otherwise identify which of Wife's motions that it was ruling on, or the date of the order it reviewed.[4] The Alabama court stated it "specifically finds that jurisdiction was proper here and that [Wife] was properly served in this matter and failed to appear. Furthermore, the court notes that this case was filed and [Wife was] served prior to [Wife's] commencement of the divorce action in South Carolina."

On April 13, 2008, Husband filed a Rule 60(b), SCRCP motion with the family court in South Carolina seeking to

---

3. Wife's Alabama attorney filed a Motion to Withdraw on July 20, 2007, which was granted by the Alabama court on July 26, 2007.

4. Husband characterizes the Alabama court's order as a ruling on Wife's June 2007 motion to reconsider following the denial of her motion to dismiss, not a ruling on Wife's October 2007 motion to reconsider filed after the court's final order.

vacate the family court's final order of July 31, 2007, as well as an August 28, 2007 Supplemental Qualified Domestic Relations Order (QDRO) and a January 10, 2008 Amended Supplemental QDRO regarding the equitable distribution of Husband's military retirement, and a February 26, 2008 Order for Alimony Support Payments to be Made Through the Court.

The family court dismissed Husband's motion to vacate pursuant to Rule 60(b)(3) and (5), and it denied the motion as to Rule 60(b)(4). The family court found there was no evidence of fraud or misrepresentation, nor was there any evidence that a judgment had been satisfied, thus negating any relief under either (b)(3) or (5). The family court concluded Husband's Rule 60(b)(4) argument was without merit because, while it might have been shown that Husband's domicile gave Alabama jurisdiction over the marital res, or marital status, of the parties, it was not shown that Alabama had in personam jurisdiction over Wife or in rem jurisdiction over the marital assets to preclude South Carolina from proceeding with its action. The family court found Husband had been properly served with the South Carolina action by publication and that he had sufficient contacts with South Carolina for the family court to acquire in personam jurisdiction over Husband.

Husband appealed the denial of his motion under Rule 60(b)(4), SCRCP, and the Court of Appeals affirmed.[5] *Ware v. Ware*, 390 S.C. 493, 702 S.E.2d 390 (Ct.App.2010).

## II. STANDARD OF REVIEW

The decision to deny or grant a motion made pursuant to Rule 60(b), SCRCP is within the sound discretion of the trial judge. *BB & T v. Taylor*, 369 S.C. 548, 633 S.E.2d 501 (2006). An abuse of discretion occurs when the order of the court is controlled by an error of law or where the order is based on factual findings that are without evidentiary support. *Id.* at 551, 633, 633 S.E.2d 501 S.E.2d a 502–03. In appeals from the family court, the appellate court has the authority to correct errors of law and find facts in accordance with its own view of the preponderance of the evidence. *Anthony H. v. Matthew G.*, 397 S.C. 447, 725 S.E.2d 132 (Ct.App.2012).

---

5. Husband is no longer pursuing relief under the other provisions of Rule 60.

## III. LAW/ANALYSIS

Rule 60(b)(4) of the South Carolina Rules of Civil Procedure provides, "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding" if "the judgment is void[.]" Rule 60(b)(4), SCRCP.

■ "A void judgment is one that, from its inception, is a complete nullity and is without legal effect[.]" *Thomas & Howard Co. v. T.W. Graham & Co.*, 318 S.C. 286, 291, 457 S.E.2d 340, 343 (1995). "The definition of void under the rule only encompasses judgments from courts which failed to provide proper due process, or judgments from courts which lacked subject matter jurisdiction or personal jurisdiction." *Universal Benefits, Inc. v. McKinney*, 349 S.C. 179, 183, 561 S.E.2d 659, 661 (Ct.App.2002) (quoting *McDaniel v. U.S. Fid. & Guar. Co.*, 324 S.C. 639, 644, 478 S.E.2d 868, 871 (Ct.App. 1996)); *see also BB & T*, 369 S.C. at 551, 633 S.E.2d at 503 ("A judgment is void if a court acts without personal jurisdiction."). "A judgment is not rendered void by irregularities which do not involve jurisdiction." *Universal Benefits, Inc.*, 349 S.C. at 183, 561 S.E.2d at 661.

In this case, although Wife contends the Alabama property division should be given no effect since the Alabama court had no personal jurisdiction over her, Husband argues the South Carolina orders regarding alimony, the property division, and attorney's fees, should have been vacated as void because Wife had the opportunity to litigate the issue of personal jurisdiction in Alabama when she made a limited appearance for the purpose of contesting jurisdiction, but she thereafter abandoned her argument by not completing the process for an appeal. Thus, the Alabama court's ruling that it had personal jurisdiction, right or wrong, is res judicata and is entitled to full faith and credit in this state. Husband contends the South Carolina courts may not go behind the ruling of the Alabama court and reexamine the issue of personal jurisdiction itself, as that would undermine the basis for the Full Faith and Credit Clause. Consequently, Husband maintains the South Carolina orders should have been vacated since the Alabama court had already assumed jurisdiction of this mat-

ter, and the family court and Court of Appeals erred to the extent they ruled to the contrary.

Under the United States Constitution, "[f]ull Faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state." U.S. Const. art. 4, § 1. "Full faith and credit 'generally requires every State to give to a judgment at least the res judicata effect which the judgment would be accorded **in the State which rendered it.'**" *Hospitality Mgmt. Assocs. v. Shell Oil Co.,* 356 S.C. 644, 653, 591 S.E.2d 611, 616 (2004) (quoting *Durfee v. Duke,* 375 U.S. 106, 109, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963)).

"[I]t is also well settled that a judgment issued without proper personal jurisdiction over an *absent* party is not entitled to full faith and credit, and therefore has no res judicata effect as to that party." *Id.* (emphasis added).

"The validity and effect of a foreign judgment must be determined by the laws of the state which rendered the judgment." *Minorplanet Sys. USA Ltd. v. Am. Aire, Inc.,* 368 S.C. 146, 149, 628 S.E.2d 43, 45 (2006). "When determining the validity and effect of a foreign judgment based on a lack of personal jurisdiction, courts look to the law of the state that rendered the judgment." *Pitts v. Fink,* 389 S.C. 156, 163, 698 S.E.2d 626, 629 (Ct.App.2010).

A two-part test is required to establish due process to authorize in personam jurisdiction: (1) the nonresident defendant must have minimum contacts with the forum state, and (2) service of process must have been properly accomplished pursuant to Alabama law. *Burke v. Burke,* 816 So.2d 498, 500–01 (Ala.Civ.App.2001).

"[U]nder the Full Faith and Credit Clause, personal jurisdiction is presumed when a foreign judgment appears on its face to be a record of a court of general jurisdiction." *Law Firm of Paul L. Erickson, P.A. v. Boykin,* 383 S.C. 497, 501, 681 S.E.2d 575, 577 (2009) (footnote omitted).

"[I]f the issue of personal jurisdiction has been litigated in and determined by the foreign court rendering judgment, the judgment is entitled to full faith and credit and

cannot be collaterally attacked." *Ft. Recovery Indus., Inc. v. Perry*, 57 N.C.App. 354, 291 S.E.2d 329, 330 (1982). "If the foreign court made an erroneous determination of jurisdiction, such decision is grounds for reversal in the appellate court of that state." *Id.; see also Gregoire v. Byrd*, 338 S.C. 489, 527 S.E.2d 361 (Ct.App.2000) (holding a debtor could not collaterally attack the judgment of a foreign court on the ground the court failed to fully and fairly litigate the issue of personal jurisdiction where the debtor agreed to litigate the issue of personal jurisdiction in the foreign court, but failed to timely file a response to the creditor's motion for summary judgment and failed to move to amend the judgment based on the lack of personal jurisdiction and to pursue an appeal in the foreign court).

Husband's position is that, since Wife, through her Alabama attorney, made a special appearance to challenge personal jurisdiction but did not further contest the Alabama court's determination that it had personal jurisdiction by an appeal, the trial court's ruling would be res judicata in Alabama and should be accorded full faith and credit in South Carolina. The validity of the Alabama order must be examined under Alabama law, and its effect in other jurisdictions should be examined in light of the principles governing the application of the Full Faith and Credit Clause.

As an initial matter, we find the Alabama court had the authority to issue a decree of *divorce* based on Alabama law, and that the divorce is entitled to full faith and credit in South Carolina. "If one party is a resident of Alabama, then an Alabama court has jurisdiction over the marital res." *Orban v. Orban*, No. 2110530, —— So.3d ——, ——, 2012 WL 5696786, at *2 (Ala.Civ.App. Nov. 16, 2012) (quoting *Butler v. Butler*, 641 So.2d 272, 273 (Ala.Civ.App. 1993)). "For purposes of subject-matter jurisdiction in a divorce action, residency means domicile." *Id.*

For an Alabama trial court to have jurisdiction over a divorce, the complaining party must have been a resident of Alabama for six months before filing a complaint seeking a divorce. *See Chafin v. Chafin*, 101 So.3d 234 (Ala.Civ.App. 2012) (holding the trial court had jurisdiction to divorce the parties where the husband alleged that he had been a resident

of Alabama for more than six months when he filed his complaint for divorce and the wife did not challenge the fact that husband was an Alabama resident); *see also* Ala.Code § 30-2-5 (2011) ("When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for six months next before the filing of the complaint, which must be alleged in the complaint and proved.").

In this case, Husband alleged that he separated from Wife in 2001 and that he was a domiciliary of Alabama. The Alabama court noted Husband had testified that he had been a resident of Alabama for more than six months prior to filing his complaint and the court found it had jurisdiction over Husband's complaint. Moreover, Wife has previously acknowledged that she is not challenging the Alabama court's grant of the *divorce* itself, as distinguished from the property division, so we find the divorce is entitled to full faith and credit. *Cf. Chafin*, 101 So.3d at 236–37 (stating the complaining party must have been a resident of Alabama for six months before filing a complaint for divorce; the Alabama statutes do not require that a court have in personam jurisdiction over both parties to grant a divorce); *Fuller v. Fuller*, 51 So.3d 1053 (Ala.Civ.App.2010) (holding husband's allegation that he had been a bona fide resident of Alabama for more than six months before filing his complaint conferred jurisdiction over the divorce with the Alabama court even though the wife was a resident of Mississippi).

■■■ The next consideration is whether the Alabama court had personal jurisdiction over Wife to issue its ruling regarding the equitable division of the marital property. The Alabama court ultimately concluded that it had personal jurisdiction over Wife because she was properly served with process and she defaulted by not filing a responsive pleading. Although the Alabama court did not specifically use the phrase "personal jurisdiction," it did say that "jurisdiction" was proper in response to Wife's specific challenge to the court's exercise of personal jurisdiction over her. After reviewing the record, we believe the Alabama court did not, in fact, have in personam jurisdiction over Wife under Alabama law. Although she was properly given service of process, it was not shown that Wife had sufficient contacts with Alabama to

warrant the exercise of in personam jurisdiction over her, and both (1) proper service of process and (2) sufficient contacts are required to obtain in personam jurisdiction. *See, e.g., Coleman v. Coleman,* 864 So.2d 371 (Ala.Civ.App.2003) (finding wife's residence in Alabama was sufficient to allow Alabama court to have jurisdiction over the marital res and the divorce, but the nonresident husband did not have the requisite contacts with Alabama for the Alabama court to exercise in personam jurisdiction over him with respect to other issues raised in wife's divorce action; Alabama law, however, does not require a court to have in personam jurisdiction over both parties to grant a divorce).

▮▮▮ In light of the foregoing, it appears the Alabama court did not have in personam jurisdiction over Wife because, although she was properly served, there was no evidence or finding that she had sufficient contacts with that state in order to effect a division of the marital property. However, a question arises as to whether Wife, by her conduct, has waived any objection to the alleged lack of jurisdiction. We are mindful of the restraint imposed by the Full Faith and Credit Clause on our review of another state's determination regarding jurisdiction.

Husband argues that Wife, by agreeing to make a limited appearance *to litigate* the issue of personal jurisdiction in the Alabama court, was thereafter bound by that court's ruling, right or wrong, and she should have appealed any erroneous ruling.[6] Since Wife had the opportunity to fully and fairly litigate the issue, she was not denied due process and the Alabama court's ruling is given res judicata effect in that state. Thus, the Alabama order should be afforded full faith and credit. Husband contends Wife could not challenge personal jurisdiction in Alabama, walk away after the trial court's ruling, and then, in effect, reassert the issue in the South Carolina court. *Cf.* 27C C.J.S. *Divorce* § 1220 (2005) ("Where the foreign court has once acquired jurisdiction over the parties, whether it retained that jurisdiction is a question

---

6. Husband acknowledges that Wife's entry of a limited appearance to contest personal jurisdiction did not, *in itself,* confer personal jurisdiction on the Alabama court.

depending on the law of that state, which cannot be attacked collaterally.").

We are constrained to agree with Husband. If Wife had made no appearance in Alabama, it is clear that court would have been without jurisdiction over any issue other than the parties' divorce. *See* 27C C.J.S. *Divorce* § 1221 (2005) (stating where a divorce is obtained by a spouse domiciled in the forum state without acquiring personal jurisdiction over a nonresident spouse, the courts of other states are required to give full faith and credit only insofar as it purports to operate on the parties' marital status, but they are not required to give it recognition for issues other than marital status).

Here, however, Wife did present the jurisdictional issue to the Alabama court by virtue of her special appearance and representation by counsel. However, Wife failed to proceed on the merits. The Supreme Court of Alabama has specifically held: "It is clear under Alabama's Rules of Civil Procedure that when a defendant challenges the court's personal jurisdiction and the trial court overrules the challenge, the issue of personal jurisdiction is preserved for appeal. However, the defendant must proceed with the case on the merits." *Leventhal v. Harrelson*, 723 So.2d 566, 570 (Ala.1998).

In a case analogous to the current appeal, *Hennessee v. State ex rel. State of Texas*, 650 So.2d 903 (Ala.Civ.App.1994), an Alabama appellate court considered whether to give full faith and credit to another state's decision under similar circumstances. The Court of Civil Appeals of Alabama found a Texas court's judgment was entitled to full faith and credit where Hennessee attempted to object to the jurisdiction of Texas by filing a motion to dismiss, but never followed up with a special appearance in Texas to argue his objection and did nothing to pursue the issue of jurisdiction, although he had notice and an opportunity to do so. *Id.* at 905–06. The Alabama court initially hearing Hennessee's motion to set aside the Texas judgment denied the motion, stating:

Under the full faith and credit clause of the United States Constitution, sister states generally give effect to foreign judgments. However, Alabama courts may inquire into the jurisdiction of the foreign court and determine whether the issue of jurisdiction was fully and fairly litigated by the

foreign court. The respondent/defendant had [the] opportunity to present his evidence and his view of the law in reference to the issue of jurisdiction in the Texas court but, for whatever reason, chose not to do so. Consequently, the proceedings in Texas ultimately concluded with default judgment being entered against the respondent/defendant and said judgment must be given full faith and credit. *Id.* at 905. The Civil Court of Appeals of Alabama affirmed. *Id.* at 906.

 The Supreme Court of the United States has observed that the requirement of personal jurisdiction is "a legal right protecting the individual" and that a plaintiff may demonstrate certain facts that make it clear to a court that there is personal jurisdiction, or a defendant may take certain actions that amount to a legal submission to the jurisdiction of the court, whether voluntary or not. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 704–05, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). The Supreme Court stated the expression of legal rights is often subject to certain procedural rules, and that "[t]he failure to follow those rules may well result in the curtailment of the rights." *Id.* at 705, 102 S.Ct. 2099. "A defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." *Id.* at 706, 102 S.Ct. 2099. However, "[b]y submitting to the jurisdiction of the court for the limited purpose of challenging jurisdiction, the defendant agrees to abide by that court's determination on the issue of jurisdiction: That decision will be res judicata on that issue in any further proceedings." *Id.*

It remains unclear why Wife did not challenge the Alabama court's ruling beyond the trial court level. Since those findings are res judicata, the Alabama court's ruling is entitled to full faith and credit. Thus, the family court in South Carolina should have granted Husband's Rule 60(b) motion. As a result, the rulings on the property division, alimony, and attorney's fees award will be vacated, an unfortunate result in light of the Alabama court's apparently erroneous ruling as to personal jurisdiction, but one that is mandated by the Full Faith and Credit Clause due to Wife's special appearance and subsequent failure to pursue her rights in this regard. *Cf.*

18

*Thoma v. Thoma*, 123 N.M. 137, 934 P.2d 1066 (Ct.App.1996) (finding where a husband appeared specially in an Oklahoma divorce proceeding, he was bound by that court's determination that it had personal jurisdiction over him based on the doctrine of issue preclusion; the court stated the Full Faith and Credit Clause required it to recognize the sister state's determination that it had personal jurisdiction over the husband because, although he had asserted an objection on this basis, he took no appeal from an adverse ruling in this regard by the sister state); *Mount Holly Sunoco v. Exec. Commercial Servs., Ltd.*, 164 N.J.Super. 429, 396 A.2d 1155, 1157 (App.Div.1978) ("A special appearance does not give a defendant the right to litigate jurisdiction and ignore the outcome with impunity. It merely protects against waiver of the jurisdictional defense which would otherwise flow from a general appearance.").

In *Baldwin v. Iowa State Traveling Men's Association*, 283 U.S. 522, 525–26, 51 S.Ct. 517, 75 L.Ed. 1244 (1931), the Supreme Court explained the import of a special appearance:

The special appearance gives point to the fact that the respondent entered the Missouri court for the very purpose of litigating the question of jurisdiction over its person. It had the election not to appear at all. If, in the absence of appearance, the court had proceeded to judgment and the present suit had been brought thereon, respondent could have raised and tried out the issue in the present action, because it would never have had its day in court with respect to jurisdiction . . . .

Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest; and that matters once tried shall be considered forever settled as between the parties. We see no reason why this doctrine should not apply in every case where one voluntarily appears, presents his case and is fully heard, and why he should not, in the absence of fraud, be thereafter concluded by the judgment of the tribunal to which he has submitted his cause.

In the current matter, Wife should have either made no appearance at all or, having chosen to make a special appearance, she should have retained her Alabama counsel to pursue an appeal as to the issue of personal jurisdiction. By attempting, in essence, to raise the issue piecemeal in both the

Alabama and South Carolina courts, she has adversely impacted her rights. *See Elkins v. West,* 554 S.W.2d 821 (Tex.Civ. App.1977) (stating the full faith and credit inquiry is restricted to whether the defendant had a full and fair opportunity to litigate the issue of jurisdiction; the court found the defendant could have appealed the default judgment or could have gone to trial on the merits and then appealed both the merits and the jurisdictional question); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 250 (9th Cir.1992) ("Even if a foreign court lacked jurisdiction to pronounce a judgment, a party will be barred from collaterally attacking a judgment entered by that court if the party appeared there, contested jurisdiction, and lost."); *id.* ("If the foreign court decided that it had jurisdiction to hear a claim, that determination itself is res judicata.") (citing *Durfee v. Duke,* 375 U.S. 106, 111–12, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963)).

## IV. CONCLUSION

The Alabama court had jurisdiction to enter an order granting Husband a divorce based on the provisions of Ala.Code § 30–2–5. The South Carolina orders did not purport to establish a divorce, and Wife has previously acknowledged that she is not contesting the Alabama court's entry of a divorce. Thus, the Alabama court's grant of a divorce should be afforded full faith and credit.

As to the issue of personal jurisdiction and its effect on the financial issues of equitable division and alimony, we believe the Alabama court was incorrect in its initial determination that in personam jurisdiction was established over Wife based solely on completion of service of process. Under Alabama law, two components are required: (1) the nonresident defendant must have had sufficient minimum contacts with the state to comport with notions of fairness and due process, and (2) effective service of process must have been established to confer in personam jurisdiction upon the Alabama court.

However, we reluctantly conclude Wife was not entitled to bring the South Carolina action for an equitable division, alimony, and attorney's fees. Wife entered a notice of limited appearance in Alabama through counsel solely to litigate the issue of personal jurisdiction in Alabama and having done that, she is bound by the Alabama forum's decision in that regard

and its determination is res judicata. Wife did not pursue her challenge to personal jurisdiction past the trial court level, but under Alabama law a nonresident may appeal the court's erroneous finding of personal jurisdiction. Thus, she had the opportunity to contest personal jurisdiction and abandoned that challenge in the Alabama courts. The inquiry in assessing whether an order is entitled to full faith and credit is whether the defendant had a full and fair opportunity to litigate the issue of jurisdiction. By submitting to the jurisdiction of the court for the limited purpose of challenging jurisdiction, a defendant agrees to abide by that court's determination on that issue and it will be given res judicata effect in further proceedings.

Since Alabama would have given its order res judicata effect, it was entitled to full faith and credit. Thus, we conclude Husband's Rule 60(b) motion to vacate the South Carolina orders should have been granted, contrary to the determination of the family court and the Court of Appeals. Consequently, we reverse and remand this case to the family court for entry of an order in accordance with this decision. Husband's request for attorney's fees may be considered at that time.

**REVERSED AND REMANDED.**

TOAL, C.J., KITTREDGE and HEARN, JJ., concur. PLEICONES, J., concurring in result only.