**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John Murray Gibbs, Respondent,

v.

Henderson Gibbs, Jr., Appellant.

Appellate Case No. 2020-001489

———————

Appeal From Colleton and Dorchester Counties
Patrick R. Watts, Special Referee

———————

Unpublished Opinion No. 2022-UP-400
Submitted October 1, 2022 – Filed November 2, 2022

———————

**AFFIRMED**

———————

Peter Brandt Shelbourne and John Thomas Kornegay, both of Shelbourne Law Firm, of Summerville, for Appellant.

Andrew T. Shepherd, of Shepherd Law Firm, LLC, of Summerville, for Respondent.

———————

**PER CURIAM:** Henderson Gibbs, Jr. (Henderson) appeals the special referee's denial of his motions to set aside judgments partitioning property he and his brother, John Murray Gibbs, held as tenants in common and accounting for rent collected from the property. On appeal, Henderson argues the special referee

abused his discretion by denying his motions to set aside the judgment because (1) the special referee should have conducted an evidentiary hearing to address his concerns about Henderson's credibility, and (2) the special referee's ruling lacked evidentiary support.  We affirm pursuant to Rule 220(b), SCACR.

1.  Henderson's argument the special referee should have conducted an evidentiary hearing to address the special referee's concerns about Henderson's credibility is not preserved because Henderson did not raise this issue to the special referee.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Stanley v. S. States Police Benevolent Ass'n*, 435 S.C. 524, 527, 868 S.E.2d 412, 414 (Ct. App. 2021) ("When a party receives an order containing relief that was not requested or contemplated, the party must present its objections to the issue to the trial court in a Rule 59(e), SCRCP, motion to preserve the issue for appeal.").

2.  The special referee did not abuse his discretion in denying Henderson's motions for a new trial.  *See Blejski v. Blejski*, 325 S.C. 491, 497, 480 S.E.2d 462, 466 (Ct. App. 1997) (stating appellate courts review a trial court's decision on a motion for new trial pursuant to Rule 59(a)(2) under an abuse of discretion standard); *Ware v. Ware*, 404 S.C. 1, 10, 743 S.E.2d 817, 822 (2013) ("The decision to deny or grant a motion made pursuant to Rule 60(b), SCRCP is within the sound discretion of the trial judge."); *id.* ("An abuse of discretion occurs when the order of the court is controlled by an error of law or where the order is based on factual findings that are without evidentiary support."); Rule 59(a)(2), SCRCP (providing a court may grant a new trial in an action tried without a jury "for any of the reasons for which rehearings have heretofore been granted in the courts of the State"); *Williams v. Watkins*, 384 S.C. 319, 324, 681 S.E.2d 914, 916-17 (Ct. App. 2009) ("Pursuant to Rule 60(b)(1), SCRCP, a court may relieve a party of a final judgment for mistake, inadvertence, surprise, or excusable neglect." (footnote omitted)); *Perry v. Heirs at Law of Gadsden*, 357 S.C. 42, 46, 590 S.E.2d 502, 504 (Ct. App. 2003) ("A party seeking to set aside a judgment pursuant to Rule 60(b) has the burden of presenting evidence entitling him to the requested relief."); *RRR, Inc. v. Toggas*, 378 S.C. 174, 182, 662 S.E.2d 438, 442 (Ct. App. 2008) (stating that in deciding a motion for a new trial, credibility determinations are for the circuit court "and those determinations are entitled to great deference on appeal" (quoting *Okatie River, L.L.C. v. Se. Site Prep, L.L.C.*, 353 S.C. 327, 338, 577 S.E.2d 468, 474 (Ct. App. 2003))), *aff'd*, 381 S.C. 490, 674 S.E.2d 170 (2009).

**AFFIRMED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.