**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

LeNora M. Harrison, Appellant,

v.

Otis D. Speight, Respondent.

Appellate Case No. 2021-000216

Appeal From York County
David G. Guyton, Family Court Judge

Unpublished Opinion No. 2023-UP-065
Submitted January 31, 2023 – Filed February 22, 2023

**AFFIRMED**

LeNora M. Harrison, of Fort Mill, pro se.

James Creighton Hayes, of Robert W. Hayes, Jr., LLC, of Rock Hill, for Respondent.

**PER CURIAM:** LeNora M. Harrison appeals the family court order denying her Rule 60(b), SCRCP motion to set aside the order of dismissal. On appeal, she asserts the family court erred by denying her motion because: (1) there is no time requirement for which a motion to set aside a judgment based on fraud upon the court must be filed; (2) her attorney improperly represented her interests such that there was no real contest; and (3) there is no time requirement for which a motion to

set aside a judgment pursuant to extrinsic fraud against a party or fraud upon the court must be filed. We affirm pursuant to Rule 220(b), SCACR.

We hold the family court did not abuse its discretion by denying Harrison's Rule 60(b) motion. *See Ware v. Ware*, 404 S.C. 1, 10, 743 S.E.2d 817, 822 (2013) ("The decision to deny or grant a motion made pursuant to Rule 60(b), SCRCP is within the sound discretion of the trial judge."); *Sanders v. Smith*, 431 S.C. 605, 611, 848 S.E.2d 604, 607 (Ct. App. 2020) (stating this court reviews such a decision under an abuse of discretion standard); *Ware*, 404 S.C. at 10, 743 S.E.2d at 822 ("An abuse of discretion occurs when the order of the court is controlled by an error of law or where the order is based on factual findings that are without evidentiary support."); *Perry v. Heirs at L. of Gadsden*, 357 S.C. 42, 46, 590 S.E.2d 502, 504 (Ct. App. 2003) ("A party seeking to set aside a judgment pursuant to Rule 60(b) has the burden of presenting evidence entitling h[er] to the requested relief."); Rule 60(b) ("This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court."); *Perry*, 357 S.C. at 47, 590 S.E.2d at 504 ("Although other motions to reopen judgments based on fraud must be filed within a year of the judgment or order, Rule 60(b) allows a party to seek relief from an order for 'fraud upon the court' after the expiration of one year."). Here, Harrison was aware her attorney and Otis D. Speight sought to dismiss the action with prejudice. If she believed fraud was occuring, she failed to take action to protect herself or correct what she believed was an improper disposition. *See King v. Oxford*, 282 S.C. 307, 312, 318 S.E.2d 125, 128 (Ct. App. 1984) ("It is the policy of the courts not only to discourage fraud, but also to discourage negligence and inattention to one's own interests."); *id.* ("A party must avail h[er]self of the knowledge or means of knowledge open to h[er]. The court will not protect the person who, with full opportunity to do so, will not protect h[er]self." (citation omitted)).

**AFFIRMED.**[1]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.